[S. F. No. 7725.   In Bank.—March 16, 1916.]

## CHRISTINE B. LANCEL, Appellant, v. H. W. POSTLE-THWAITE et al., Respondents.

APPEAL—TIME FOR TAKING—JURISDICTION.—Statutes limiting the time of appeal are jurisdictional and mandatory, and in the absence of an express authorization in the statute itself, a court has no power to extend the time for taking an appeal, or to relieve an appellant from the effect of misfortune, accident, surprise or mistake. If the appeal was not taken within the time allowed by law, the court has no power to entertain it.

ID.—NEW TRIAL—LIMITATION ON TIME TO DECIDE MOTION—TERMINATION OF PROCEEDINGS IN TRIAL COURT — TIME TO APPEAL FROM JUDGMENT.—Under section 660 of the Code of Civil Procedure, as amended in 1915, a trial court is empowered to grant a new trial, upon a motion duly made to that end, at any time within three months after the verdict of the jury or service on the moving party of notice of the decision of the court, but not thereafter, and its failure to determine within such time any motion regularly made is a denial of such motion and a "termination in the trial court" of the proceedings on such motion, within the meaning of section 939 of that code, as amended in 1915, limiting the time to appeal from the judgment, in an action in which a motion for new trial is pending, to thirty days after the termination of such proceedings.

ID.—LIMITATION OF TIME TO ACT ON MOTION IS CONSTITUTIONAL.—The provision of said section 660 prohibiting the trial court from granting any such motion after the expiration of the specified time, and making its failure to act within that time tantamount to a denial of the motion, is not an abridgment of any power granted to the supreme court by the constitution and is a valid exercise of legislative power.

ID.—COMPUTATION OF TIME—LAST DAY TO ACT FALLING ON SATURDAY. The fact that the last day of the three months within which an order determining the motion for a new trial could legally be made

was a Saturday, did not operate to extend the pendency in the trial court of the proceedings on the motion until the following Monday.

ID. — SATURDAY NOT A HOLIDAY AS REGARDS COMPUTATION OF TIME. — Notwithstanding the provision of section 10 of the Code of Civil Procedure making Saturday from 12 o'clock noon until 12 o'clock midnight a holiday as regards the transaction of business in the public offices of the state, it is not a holiday within the meaning of section 12 of that code providing that "The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded." Section 12 only excludes the last day when it is a holiday during the whole period of its existence.

ID.—DISMISSAL OF APPEAL.—An appeal which is not taken within the time allowed by law will be dismissed.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Arthur H. Barendt, for Appellant.

George F. Hatton, Hartley F. Peart, Pillsbury, Madison & Sutro, Alfred Sutro, and A. D. Plaw, for Respondents.

ANGELLOTTI, C. J.—This is a motion to dismiss an appeal taken by plaintiff from a judgment of the superior court, on the ground that the same was not taken within the time allowed by law. As stated in *Williams* v. *Long,* 130 Cal. 58, [80 Am. St. Rep. 68, 62 Pac. 264], statutes limiting the time of appeal are jurisdictional and mandatory, and in the absence of an express authorization in the statute itself, a court has no power to extend the time for taking an appeal, or to relieve an appellant from the effect of misfortune, accident, surprise or mistake. If the appeal was not taken within the time allowed by law, we have no power to entertain it.

The material facts may be very briefly stated. The judgment was rendered September 1, 1915, and entered September 2, 1915. Written notice of entry of such judgment was served on plaintiff's attorney and filed in the office of the clerk of the superior court on September 4, 1915. Notice of intention to move for a new trial was served and filed on September 13, 1915. No order purporting to dispose of said motion for a

new trial was made until December 9, 1915, on which day an order purporting to deny the same was made and entered. The notice of appeal was not filed until January 5, 1916. December 4, 1915, was a Saturday.

Section 939 of the Code of Civil Procedure, provides: "An appeal may be taken from any judgment or order of a superior court from which an appeal lies under any provision of this code, or of any other code, or under any other statute, within sixty days from the entry of said judgment or order. . . . If proceedings on motion for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial, or other termination in the trial court of the proceedings upon such motion." Other sections of the same code provide for the making of a motion for a new trial on various specified grounds, and section 660 provides, among other things, as follows: "The power of the court to pass on motion for new trial shall expire within three months after the verdict of the jury or service on the moving party of notice of the decision of the court. If such motion is not determined within said three months, the effect shall be a denial of the motion without further order of the court."

The time within which an appeal may be taken from a judgment was extended, as provided in section 939 as amended in the year 1915 [Stats. 1915, p. 205] (we have quoted the section as so amended), to enable a party to have reviewed on such appeal the failure or refusal of the trial court to grant his motion for a new trial, amendments of our laws in other respects made at the same time having the effect of abolishing the right of appeal from an order denying a new trial which theretofore existed. The portion of section 660 that we have quoted, added by amendment at the same time, was designed to secure a speedy determination of a motion for a new trial, and thus to obviate one of the many delays preceding the review by an appellate court of the proceedings of the trial court. The effect of this and the other amendments relative to motions for new trial and their disposition by the superior court is, so far as any question here involved is concerned, simply this: The trial court should determine a motion for a new trial regularly made, "at the earliest possible moment," and it is expressly made its duty to do so. It has the power to grant a new trial at any time "within three months after

the verdict of the jury or service on the moving party of notice of the decision of the court," and also power to formally deny such motion within said time. Its failure to determine the motion at all within said time is a denial of the motion. In other words, a trial court is empowered to grant a new trial, upon a motion duly made to that end, at any time within three months after the verdict of the jury or service on the moving party of notice of the decision of the court, but not thereafter; and its failure to determine within such time any such motion regularly made is a denial of such motion and a "termination in the trial court" within the meaning of section 939 of the proceedings on such motion.

If the provision of section 660 which we have quoted be effective, Saturday, December 4, 1915, was the last day on which the trial court could make any order determining the motion for a new trial, and the expiration of that day without any order being made was a "termination in the trial court of the proceedings upon said motion" within the meaning of section 939, provided that the fact that said fourth day of December was a Saturday makes no difference, a question we shall refer to later. It would follow that Monday, January 3, 1916, was the last day allowed by law within which to take an appeal from the judgment and that the attempted appeal taken on January 5, 1916, was ineffectual for any purpose.

It is claimed that the provision is in violation of our constitution. The theory appears to be that it is an attempted abridgment by the legislature of power granted to the superior court by the constitution. We are unable to perceive any good foundation for this claim. The matter of motions for a new trial appears to us to be one entirely within the control of the legislature, there being nothing whatever in the constitution pertaining thereto. It has been said that the right to move for a new trial is statutory and must be pursued in the manner pointed out by the statute. (*California Imp. Co.* v. *Baroteau,* 116 Cal. 136, [47 Pac. 1018]; *Burton* v. *Todd,* 68 Cal. 485, 489, [9 Pac. 663].) Our statutes while conferring such right have always limited the grounds upon which such a motion can be made. It cannot be doubted that the legislature could still further limit such grounds at will, or even altogether abolish the right to make such a motion on any ground. This being so, it is difficult to conceive of any valid objec-

tion, based on constitutional grounds, to a provision having the effect simply of prohibiting a trial court from granting any such motion after the expiration of a specified time, and making its failure to act within that time tantamount to a denial of the motion. The limitation of the power of the trial court, if we call it such, is a limitation made by the very body providing that such a motion may be made at all, a body whose power in relation thereto is unlimited, except in so far as it is limited by the constitution. The contention of counsel appears to be that there is some invasion of the constitutional jurisdiction of the superior court by statutes which, while authorizing a motion for a new trial, prohibit the trial court from determining the same after the expiration of a specified time; that the power to hear such a motion at all being given, the power to determine the same cannot be so limited or abridged. We can see no force in this contention. If our statutes had simply provided that at any time within three months after verdict or notice of decision, on motion of either party, a trial court could grant a new trial on any of certain specified grounds, we apprehend that no one would contend, in view of the purely statutory nature of such motions, that a new trial could be granted after the expiration of the specified time, or that the limitation as to time was an unwarranted invasion of the constitutional jurisdiction of the court. This is practically all that our statutes do now provide in different language, with the added feature that the court may finally deny such a motion before the expiration of said three months, and that the failure of the court to pass on the motion within that time is in effect a refusal to grant the same and a denial thereof, which may be reviewed as such on the appeal from the judgment.

It is claimed that in view of the fact that the last day of the three months within which an order determining the motion for a new trial could legally be made was a Saturday, there was no termination in the trial court of the proceedings on motion for a new trial until December 6th, every Sunday being a legal holiday. This claim was based on section 12 of the Code of Civil Procedure, providing that "the time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded," and section 10 of the Code of Civil Procedure, which, after specifying certain

days as holidays, provides: ''Every Saturday from twelve o'clock noon until twelve o'clock midnight is a holiday as regards the transaction of business in the public offices of this state, and also in political divisions thereof where laws, ordinances or charters provide that public offices shall be closed on holidays,'' etc. Assuming for the purpose of this decision the applicability of section 12 of the Code of Civil Procedure, to the limitation prescribed by section 660 of the Code of Civil Procedure, we think it very clear that it cannot fairly be held that Saturday, December 4th, was a ''holiday'' within the meaning of the section. The provision is that the ''last day'' must be included in the computation, unless such ''*last day* is a holiday.'' This means under any fair construction, the *whole* of the day. Only a *portion* of the day was even the limited kind of a holiday prescribed for Saturdays by section 10 of the Code of Civil Procedure, viz.: that portion ''from twelve o'clock noon until twelve o'clock midnight,'' and the superior court was certainly open for the transaction of any and all business for at least a portion of the day. (Const., art. VI, sec. 5.) A day is defined by our law as being ''the period of time between any midnight and the midnight following'' (sec. 3259, Pol. Code), and no rule of construction of which we are aware would warrant us in reading section 12 as excluding the last day, unless it was a holiday during the whole period of its existence.

It follows that the appeal was not taken within the time allowed by law.

If we had any discretionary power in this matter, the case presents such circumstances as might warrant us in relieving the appellant from the effect of her failure to file her notice of appeal in time, but, as we have said, the filing of the notice within the prescribed time is essential to our jurisdiction.

The appeal from the judgment is dismissed.

Shaw, J., Sloss, J., Melvin, J., Henshaw, J., and Lawlor, J., concurred.