[Civ. No. 13414. Second Dist., Div. Two. Apr. 6, 1942.]

RUBY SHEETS, Respondent, v. DAN CLEVELAND, Appellant.

J. H. O'Connor, County Counsel, and Beach Vasey, Deputy County Counsel, for Appellant.

Cleves & Patterson for Respondent.

McCOMB, J.—This is a motion to dismiss the appeal from an order of the trial court that a vacancy existed in the office of trustee of the Mountain View Elementary School District of Los Angeles County, on the ground that the appeal was not taken within the time prescribed by law, to wit, within ten days after the entry of judgment by the superior court.

These are the undisputed facts:

August 19, 1941, a judgment was entered by the superior court declaring that an election to fill a vacancy in the office of trustee of the Mountain View Elementary School District of Los Angeles County held June 6, 1941, was null and void and that said office was vacant. September 25, 1941, appellant filed its notice of appeal from the foregoing judgment.

Respondent relies upon this proposition:

*The time for taking an appeal from a judgment of the superior court annulling an election and declaring a vacancy to exist in a particular office is ten days after the entry of judgment by the superior court.*

This proposition is tenable. Section 8575 of the Elections Code reads in part thus:

"Any party aggrieved by the judgment of the court may appeal therefrom to the district court of appeal, as in other cases of appeal thereto from the superior court. . . ."

Were this the only provision on the subject, an aggrieved party would have sixty days after the entry of judgment within which to file a notice of appeal. (Sec. 939, Code Civ. Proc.) However, section 8576 of the Elections Code reads thus:

"Whenever an election is annulled or set aside by the

judgment of the superior court, and no appeal has been taken within ten days thereafter, the commission, if any has issued, is void and the office is vacant.''

Therefore, under the established rule that a specific provision relating to a particular subject will govern in respect to that subject as against a general provision, although the latter standing alone would be broad enough to include the subject to which the more particular provision relates, the time for taking an appeal in the case of the annulment of an election is determined by the special statute, namely, section 8576 of the Elections Code. (Sec. 3534, Civ. Code; *Kahrs* v. *County of Los Angeles,* 28 Cal. App. (2d) 46, 49 [82 P. (2d) 29]; sec. 1859, Code Civ. Proc.) Section 8576 of the Elections Code constitutes an exception to the general statute. (Sec. 8575, Election Code; sec. 939, Code Civ. Proc.)

In the instant case the notice of appeal was filed thirty-seven days after the entry of judgment in the superior court, which was after the time prescribed by law for the filing of notice of appeal in such cases. It follows that the appeal was not taken within the time prescribed by law and, since the filing of a notice of appeal within the time allowed by law is mandatory in order to confer jurisdiction upon this court (*Lancel* v. *Postlethwaite,* 172 Cal. 326, 331 [156 Pac. 486]; *Irving* v. *Sheetz,* 26 Cal. App. (2d) 751, 752 [80 P. (2d) 502]), the appeal must be dismissed.

It is so ordered.

Moore, P. J., and Wood (W. J.), J., concurred.