[Civ. No. 14622.   Second Dist., Div. Three.   Mar. 14, 1945.]

E. O'BRIEN, Appellant, v. EUGENIE B. HANNON, Respondent.

Geo. P. Cook for Appellant.

John J. McMahon for Respondent.

WOOD (Parker), J.—This is a purported appeal from a judgment of dismissal.

The record does not show that there was a notice of entry of judgment. A notice of motion for a new trial was served and filed on August 12, 1943. The motion was heard and taken under advisement by the court on September 14, 1943. The court made an order on October 19, 1943, denying the motion for a new trial. The power of the court to pass on a motion for a new trial expires sixty days after filing of the notice of intention to move for a new trial, and if such motion is not determined within said period of sixty days, or within said period as extended by the provisions of section 12a of the Code of Civil Procedure, the effect shall be a denial of the motion without further order of the court. (Code Civ. Proc.,

§ 660.) The motion for a new trial therefore was denied by operation of law on October 11, 1943. When a motion for a new trial is denied the time for appeal from the judgment does not expire until thirty days after the motion has been denied by the court or by operation of law. (Code Civ. Proc., § 939; Rules on Appeal, rule 3(a).) Notice of appeal was filed on November 16, 1943. It appears therefore that the notice of appeal was filed more than thirty days after the motion was denied. The appeal was not taken within the time prescribed by law and, since the filing of a notice of appeal within the time allowed by law is essential in order to confer jurisdiction upon this court (*Lancel* v. *Postlethwaite*, 172 Cal. 326, 331 [156 P. 486]), the appeal should be dismissed.

It is to be noted that a further question as to jurisdiction is involved herein. The amount sought by the complaint is $525.05 "besides interest" from 1935, which amount is not within the jurisdiction of the superior court. The complaint asks further, however, that it be adjudged that undesignated assets of the estate of defendant's deceased husband which were distributed to her in 1936, by reason of her alleged fraud, be held in trust for the benefit of plaintiff's assignor. The question thus presented as to whether the action was in equity and for that reason jurisdiction was conferred upon the superior court need not be determined, since the appeal was not taken in time.

The appeal is dismissed.

Desmond, P. J., and Shinn, J., concurred.