[Civ. No. 16075.   Second Dist., Div. Three.   Aug. 31, 1948.]

DELLA ANDERSON, Respondent, v. THOMAS F. ANDERSON, Appellant.

Elbert E. Hensley for Appellant.

Francis R. McKenna for Respondent.

WOOD, J.—Plaintiff was awarded an interlocutory decree of divorce and certain real property, furniture, and alimony. Defendant appeals from those portions of the decree wherein real property and alimony were awarded to plaintiff. He also attempts to appeal from the order denying his motion for a new trial.

The interlocutory decree was entered on December 24, 1945. A notice of intention to move for a new trial was filed on October 24, 1946. The court made an order denying said motion on December 24, 1946. Notice of appeal was filed on December 31, 1946. An appeal may be taken from an interlocutory decree of divorce. (Code Civ. Proc., § 963, subd. 2.)

The notice of appeal, however, must be filed within 60 days from the date of entry of such decree (Rules on Appeal, rule 2(a)), unless the time is extended as provided in rule 3 of Rules on Appeal. Subdivision (a) of rule 3 provides that the time for notice of appeal is extended when a valid notice of intention to move for a new trial is served and filed within 60 days after entry of judgment. It therefore appears that the decree in the present case became final upon the expiration of 60 days after its entry, since neither the notice of appeal nor the notice of intention to move for a new trial was filed within that time. As above shown, the motion for a new trial was made 10 months after the interlocutory decree had been entered, and the notice of appeal was filed more than a year after the decree had been entered.

The filing of notice of appeal within the time allowed by law is essential in order to confer jurisdiction upon this court. (*Lancel* v. *Postlethwaite,* 172 Cal. 326, 331 [156 P. 486]; *Lane* v. *Pellissier,* 208 Cal. 590, 593 [283 P. 810]; *O'Brien* v. *Hannon,* 68 Cal.App.2d 399, 400 [156 P.2d 774]; *Sheets* v. *Cleveland,* 51 Cal.App.2d 148, 150 [124 P.2d 200].) The appeal from said portions of the interlocutory decree, not having been taken within the time prescribed by law, must be dismissed.

The purported appeal from the order denying the motion for a new trial must also be dismissed, such an order not being appealable.

At the time set for argument herein, the appellant made a motion to augment the record on appeal by including therein a notice of motion to amend the judgment, which notice was filed by plaintiff in the trial court. Since the appeals herein must be dismissed for the reasons hereinabove stated, the motion to augment the record is denied.

The appeals are dismissed.

Shinn, P. J., and McComb, J. assigned, concurred.