[Civ. No. 16074.   Second Dist., Div. Three.   Aug. 31, 1948.]

THOMAS F. ANDERSON, Appellant, v. DELLA C. ANDERSON, Respondent.

Elbert E. Hensley for Appellant.

Francis R. McKenna for Respondent.

WOOD, J.—This is an action to partition certain real property (a house and lot) which had been conveyed to the plaintiff and defendant, husband and wife, as joint tenants, and which had been involved in a divorce action between them. Prior to the commencement of this action the defendant herein had commenced an action for divorce, wherein she had alleged that the property was community property, and wherein the plaintiff herein (as defendant therein) had denied that allegation. This action and the divorce action came on for trial at the same time. The divorce action was tried first, and then the present action was placed off calendar.

In the divorce case, the court awarded plaintiff therein (defendant herein) an interlocutory decree of divorce and the real property involved herein. That decree stated that it is ordered that the real property ''be held in joint tenancy''; that the value of the equity of the parties in said property is $3,000; that said real property is awarded to plaintiff (therein) subject to the payment by her to the defendant (therein) of $1,500 payable $150 per month; and that defendant (therein) pay to plaintiff (therein) $1,500 alimony payable $150 per month. The defendant therein did not file a notice of intention to move for a new trial until 10 months after the entry of the judgment, and did not appeal until more than a year after the entry of the judgment. (That appeal, not having been taken within the time allowed by law, was dismissed as shown by an opinion of this court filed this day, *ante*, p. 327 [197 P.2d 65].) Findings therein were waived. The evidence therein was sufficient to support a finding that the property was purchased with community funds, and with the separate funds of plaintiff therein. Also the evidence therein would have supported a finding that defendant therein was guilty of extreme cruelty to an extent which would have justified the court in awarding all the community property to plaintiff therein. The trial judge in that case stated at the time of his oral decision that the court had ''a right to strip him [defendant therein] of everything under this kind of conduct, and he is lucky to get the Ford''; that as far as the court was concerned the real property ''is never going to be divided up in such a way that he [defendant therein] will get it''; that ''I am going to make an award of alimony herein which will take care of it in such a way that Mrs. Anderson is going to get all the property; she is entitled to it.'' The trial judge also said at that time that he would award the automobile to defendant (therein) ''because, in the first place, he needs it, and, in the second place, it is not worth anything.''

Thereafter, the court, on its own motion, set the present action for trial on September 27, 1946—nine months after the entry of the interlocutory decree in the divorce action. At the time of the trial herein on said September 27th, counsel for defendant objected to the introduction of any evidence on the ground that the issue as to the property herein had been decided in the divorce action, and that no appeal or motion had been filed therein. He argued, in effect, that by

reason of the provisions of the interlocutory decree in the divorce action, and by reason of the fact that said decree had become final, the issue as to the property herein was res judicata. That objection was overruled without prejudice. Evidence was then introduced on behalf of plaintiff and defendant. When the case was submitted for decision, the trial court made a minute order that "Judgment is ordered that neither party is to take anything and that the cause be dismissed without prejudice." Plaintiff appeals from that order. No formal signed judgment was entered, and there were no written findings of fact. By reason of the words "Judgment is ordered," appearing in the minute order from which this appeal is taken, that order might be interpreted to be a memorandum for a final judgment, rather than a final judgment. That order, however, will be regarded as a final judgment.

At the time of his oral decision herein the trial judge said that he was not going to trespass on the business of the judge who decided the divorce action, and he would not make a ruling that might in any way be adverse to whatever the judgment in the divorce case purported to be; that his judgment would be that neither party take anything, and that the action be dismissed without prejudice, and that he would relegate the parties to the judge who tried the divorce case for such motions as they might see fit to make; that if the plaintiff herein wanted a ruling in this case, the court would hold that the evidence herein shows that the property is community property and that the divorce decree purported to award it to plaintiff therein as community property; that it would be presumptuous on the part of the trial judge herein to adjudicate something that had already been adjudicated; that the property had been awarded to the plaintiff in the divorce action, but whether the judge in that action had in mind community property or joint tenancy property was not specifically stated in the decree therein.

Appellant contends herein that the court should have decided this case on the merits, and should not have dismissed it. He argues that the divorce decree shows upon its face that it is erroneous, in that, it specifically holds (according to his argument) that the property is joint tenancy property, and that the court awarded it to the plaintiff therein. He asserts, in effect, that the trial court should have proceeded to partition the property, irrespective of the divorce decree, because the divorce decree shows on its face that there was

no proper and legal disposition of the property, that the award of the property to plaintiff therein was a legal defect— the court having found that the property was joint tenancy property, and the court having power to award only community property.

■ The trial court herein did not err in ordering that neither party take anything, it appearing, as hereinafter shown, that the issues as to the property had been adjudicated in the divorce action. It therefore appears that the further part of the order dismissing the case without prejudice was unnecessary and served no useful purpose. It is to be noted, however, in connection with the making of the order of dismissal, that appellant did not ask for a ruling on the merits after the trial judge stated what his ruling would be if plaintiff wanted a ruling on the merits. The judgment in the divorce case had been final for several months when this case was tried. The issue as to the rights of the parties in the property here involved had been submitted for determination in the divorce case. The provision in the decree therein that the equity of the parties in the property was of the value of $3,000, and that the property was awarded to plaintiff subject to the payment of $1,500 by plaintiff to defendant, is clear. The other provision therein regarding the property, that is, that the property ''be held in joint tenancy,'' is uncertain. The material question, regarding the property, is what the status of the property was at the commencement of the divorce action, rather than how it should be held after the decision therein. It cannot be ascertained from that last mentioned provision, that the property ''be held in joint tenancy,'' whether the court found that, at the commencement of the divorce action, the parties held the property in joint tenancy, or whether the court found that the parties had agreed and intended that the property, which stood of record in their names as joint tenants, should be community property. It cannot be ascertained from said provision, that the property ''be held in joint tenancy,'' whether the property should be held in joint tenancy for an unlimited period of time or only until the plaintiff therein had paid the $1,500 to the defendant therein. The divorce decree does not state, as appellant asserts, that the property was joint tenancy property. As above stated, findings therein were waived, but the evidence was amply sufficient to support a finding that the property was purchased with community funds and with separate funds of the wife. It is true that the trial judge in the divorce case said at the time of his oral decision that he

was going to hold that the property "is joint tenancy"; however, since all intendments are in favor of the judgment, it is to be assumed, in the absence of written findings, that the court thereafter and at the time of signing the decree found that the parties had agreed and intended that the property should be community property, even though the property stood of record in the names of the parties as joint tenants. It cannot properly be concluded that the divorce decree shows on its face that error was committed in awarding the property to plaintiff therein. As above shown, the decree in the divorce case had long since become final when this partition case was tried, and therefore, irrespective of whether the court erred or did not err in awarding the property to plaintiff in that case, the issues between the parties as to the property are, by reason of the divorce decree, res judicata.

As above stated, the order of the court in the present case that neither party take anything was correct, it appearing that the issues as to the property were res judicata. The further part of the order dismissing the cause without prejudice was, as above stated, unnecessary and served no useful purpose, and therefore the order should be modified by striking therefrom the words "and that the cause be dismissed without prejudice."

The order is modified by striking therefrom the words "and that the cause be dismissed without prejudice," and as so modified the order is affirmed.

Shinn, P. J., and McComb, J., assigned, concurred.