[Civ. No. 18335. First Dist., Div. Two. Jan. 28, 1959.]

JOHN G. VOGEL et al., Appellants, v. CITY OF MILLBRAE et al., Respondents.

*Assigned by Chairman of Judicial Council.

Ottis Miller, Schofield, Hanson, Bridgett, Marcus & Jenkins for Appellants.

Carr, McClelland, Ingersoll & Thompson for Respondents.

DRAPER, J.—Respondents move to dismiss this appeal upon the ground that it was filed too late. Judgment for defendants was entered January 30, 1958. Notice of appeal was filed March 25. "Except as otherwise specifically provided by law," notice of appeal may be filed within 60 days after entry of judgment (Rules on Appeal, rule 2(a)). But in an action or proceeding contesting "[t]he validity of an assessment . . . levied" under Division 12, Streets and Highways Code, "[a]ny appeal from a final judgment . . . shall be perfected within 30 days after the entry of judgment" (Sts. & Hy. Code, § 10400).

The present action is within the scope of section 10400. The complaint is denominated one for "injunction and declaratory relief," but makes clear that each count asserts invalidity of the proceedings of defendant city to establish a special assessment district and levy an assessment thereon to construct public parking facilities. Both the allegations and prayer of the first count show that plaintiffs seek to enjoin the levy and collection of assessments. The second count, for declaratory relief, states plaintiffs' contention to be that "all proceedings taken . . . to create the assessments . . . are illegal and void."

A statutory provision almost identical to section 10400 has been held valid and effective. (*Cohen* v. *City of Alameda,* 168 Cal. 265 [142 P. 885].) Another statute fixing a special time limit for appeal in a particular type of case has been upheld. (*Sheets* v. *Cleveland,* 51 Cal.App.2d 148 [124 P.2d 200].)

Appellants suggest that their action seeks to determine matters other than the validity of the assessment, but these matters are but steps in the assessment procedure, and it is apparent that the asserted invalidity of the assessment is the

essence of the action. Appellants also contend that section 10400 is ambiguous, and that in such case the ambiguity should be so resolved as to permit hearing on the merits. (*Santa Barbara etc. Agency* v. *All Persons,* 47 Cal.2d 699 [306 P.2d 875].) But we find no ambiguity in the language of the code section here involved.

■ Timely filing of notice of appeal is jurisdictional. (*Estate of Hanley,* 23 Cal.2d 120 [142 P.2d 423, 149 A.L.R. 1250]; *Anderson* v. *Anderson,* 87 Cal.App.2d 327 [197 P.2d 65].)

Appeal dismissed.

Kaufman, P. J., and Dooling, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 25, 1959.