[Civ. No. 21338.   First Dist., Div. Two.   Jan. 22, 1965.]

PHILLIP J. DUMAS et al., Plaintiffs and Respondents, v. CITY OF SUNNYVALE, Defendant and Appellant.

Frank Gillio, City Attorney, Wilson, Harzfeld, Jones & Morton and John E. Lynch for Defendant and Appellant.

di Leonardo, Blake, Kelly, Aguilar & Leal and Michael di Leonardo for Plaintiffs and Respondents.

SHOEMAKER, P. J.—This is an action for declaratory and injunctive relief brought by a number of property owners in the city against the City of Sunnyvale.

The controversy arises out of the steps taken by the City of Sunnyvale with respect to the widening of one of its main streets. On June 24, 1958, the city council adopted a resolution of intention to widen, improve and extend Fairoaks Avenue and to set up an assessment district to bear the costs and expenses thereof. On the same date, it appointed July 15, 1958, as the date on which it would hear protests to the

proposed improvements. Plaintiffs, owners of property located within the proposed assessment district, appeared at said hearing and by written and oral protests objected to the formation of said district. The city council, on July 22, 1958, overruled plaintiffs' protests and formally inaugurated the assessment district. On July 28, 1958, the assessment and diagram of the proposed district were recorded with the city superintendent of streets, and plaintiffs and the other property owners within said district were ordered to pay the assessments levied on or before August 27, 1958, or suffer said assessments to become liens upon their real property, for the collection of which serial bonds would be issued.

Plaintiffs complain that the formation of the assessment district was unconstitutional and without force of law for the following reasons: (1) that plaintiffs were being assessed for the construction of an improvement which was for the benefit of all the property owners of the City of Sunnyvale and for which funds had already been obtained by the passage in 1956 of a bond measure for the purpose; (2) that defendant city was taking plaintiffs' property without just compensation therefor; (3) that the assessments were arbitrary in that each plaintiff was charged 75 per cent of the value of any land taken from such plaintiff for construction of the proposed improvement; and (4) that said assessments against plaintiffs were made completely without consideration of the benefits conferred upon the land of each plaintiff.

Plaintiffs asked that the formation of the assessment district be declared void, and that the defendant city and its agents be enjoined from levying and collecting any assessments or exercising any other powers, rights or duties in connection with said district.

Defendant city denied the material allegations of the complaint, and asked the court to declare that the formation of the assessment district was valid and that the levy and collection of the assessments by the district were proper.

The court proceeded to try the cause de novo. During the course of the trial, defendant city objected to the introduction of any evidence pertaining to property owners within the assessment district who were not plaintiffs in the action. Defendant's position was that such property owners had not undertaken to challenge the assessments levied against them and that they were barred by the applicable statute of limitations. Plaintiffs' counsel then suggested for the first time that the complaint set forth a cause of action on behalf of all the

property owners within the assessment district and not merely on behalf of the plaintiffs named therein. The court reserved its ruling on the matter, admitting the evidence subject to defendant's motion to strike.

It is not disputed that the evidence produced at the trial was the same as that introduced at the proceedings before the council. The court made findings of fact as follows: that on July 15, 1958, the city council of defendant city held a public hearing relative to the proposed Fairoaks Assessment District; that plaintiffs and other property owners appeared at said hearing and filed written protests objecting to the formation of said district and objecting to the manner of assessment upon the parcels involved "including the parcels of those property owners who had not filed written protests, nor objected to the formation of the assessment district or the manner of fixing the assessments"; that there was no evidence at said hearing upon which a determination could be made by the council that any of the parcels included within the proposed district received estimated special benefits in the amounts of the assessments levied; that all of the evidence before the council disclosed that the proposed improvement was of city-wide or area-wide benefit, and that there was no evidence that special benefits were conferred upon any of the individual parcels; that the evidence before the council was such that on no reasonable basis could it find special benefits conferred upon any of the parcels within said district in the amounts of the assessments levied; that prior to a consideration of said district, the council had established a policy of assessing back to landowners within an assessment district 75 per cent of the value of the property taken from them in connection with any proposed improvements within an assessment district; that the only evidence before the council at the hearing on July 15, 1958, was to the effect that the assessments against each of the parcels involved were arbitrary and a deprivation of property without due process of law; that the council had before it at said hearing evidence of all of the bases upon which protestants relied concerning the illegality of the formation of the proposed district and that the same allegations, evidence and proof were offered at the trial as were offered at said hearing.

The judgment declared the proposed formation of the Fairoaks Assessment District void; enjoined defendant city and its agents from exercising any powers, rights or duties or collecting any assessments under said proposed district;

ordered defendant city to reimburse all sums collected on account of said assessments to the owners of the parcels within said proposed district; declared the widening and improvement of Fairoaks Avenue accomplished by the purported assessment district to be an improvement of area-wide or city-wide benefit; and remanded the assessment proceedings to the city council for reassessment proceedings consistent with the judgment.

Defendant city appeals from this judgment.

Appellant does not challenge the findings that the assessments levied within the district were invalid because they were adopted without regard to special benefits conferred and were based upon an arbitrary, fixed policy of assessing back to each landowner 75 per cent of the value of the property taken from him.

Appellant first contends that the court erred in declaring the widening and improvement of Fairoaks Avenue to be an improvement of area-wide or city-wide benefit and that no special benefits were conferred upon any of the lands within the assessment district, a finding contrary to that of the council. Its argument is that the court was authorized only to determine whether the city council's findings were supported by substantial evidence in the record before said body and was not entitled to reweigh said evidence and to formulate its own findings upon matters which the council was authorized to decide. We agree.

It is settled that in reviewing the findings and order of a local, quasi-judicial administrative body, the trial court is confined to the evidence received by said body and, in reviewing that evidence, may not reweigh it, but may consider only whether there is any substantial competent and material evidence in the administrative record to sustain the findings and order attacked. (*Thain* v. *City of Palo Alto* (1962) 207 Cal.App.2d 173, 192-193 [24 Cal.Rptr. 515]; *Takata* v. *City of Los Angeles* (1960) 184 Cal.App.2d 154, 159 [7 Cal.Rptr. 516].) The reviewing court may not consider evidence which was not presented to the local agency, and there can be no trial de novo with respect to matters upon which the agency was authorized to and did in fact decide. (*Jenner* v. *City Council* (1958) 164 Cal.App.2d 490, 499-500 [331 P.2d 176].)

The rule that applies in the present situation has been stated by our Supreme Court most recently in the case of *Albonico* v. *Madera Irr. Dist.* (1960) 53 Cal.2d 735 [3 Cal.

Rptr. 343, 350 P.2d 95], wherein plaintiffs petitioned the board of directors of defendant irrigation district to exclude from said district certain of their lands on the ground that they would not be benefited by the operations of the district. The board found that plaintiffs' lands would be benefited and accordingly denied their petition for exclusion. Plaintiffs thereafter sought and obtained a writ of mandate, the trial court finding that the lands in question would not be benefited by the operations of the district and that there was no evidence before the board that said lands would be benefited. The Supreme Court, in reversing the judgment, held that the board's finding of benefit was supported by the record before it and that the trial court was not authorized to render its own finding to the contrary. ▮ With reference to the latter point, the court stated: "In our opinion the superior court exceeded its jurisdiction in finding, contrary to the finding of the board, that the excess lands of petitioners would not be benefited by the operations of the district. This is a mandamus proceeding aimed at reviewing the propriety of the action of a local administrative board. . . . [O]n such a review the reviewing court has no power to exercise an independent judgment on the facts. The superior court's power of review in such cases is limited to determining whether there was substantial evidence before the board to support its decision. [Citations.] ▮ It is improper for the court to have a trial de novo or to make its own findings on the evidence. [Citation.]" (P. 739.)

▮ In *Fascination, Inc.* v. *Hoover* (1952) 39 Cal.2d 260 [246 P.2d 656], the court states that "where determinative powers are vested in a local administrative agency and the court finds its decision lacks evidentiary basis, a hearing was denied or it was otherwise erroneous, it is proper procedure to remand the matter to the agency for further and proper proceedings rather than for the court to decide the matter on the merits. [Citation.]" (P. 268.) (See also *Cowart* v. *Union Paving Co.* (1932) 216 Cal. 375 [14 P.2d 764, 83 A.L.R. 1185].)

▮ Although the instant action is one for declaratory and injunctive relief, and both the *Albonico* and *Fascination* cases were mandamus proceedings, this distinction is of no moment. Respondents expressly concede that where the object of a particular proceeding is to establish that a local board acted arbitrarily, capriciously or fraudulently, "there is no

distinction between an action for an injunction in declaratory relief and mandamus or certiorari.''

We have read the record and are satisfied that the challenged portion of the judgment constituted an unauthorized substitution of the trial court's judgment for that of the city council, and that, as such, it cannot stand.

Respondents have cited no authority in support of a contrary rule other than *Saks & Co.* v. *City of Beverly Hills* (1951) 107 Cal.App.2d 260 [237 P.2d 32], which was disapproved, for the proposition cited, in the *Fascination* case, *supra,* at page 265.

Appellant next contends that the court erred in declaring the district a nullity and the assessments void and in ordering reimbursement of amounts collected on account of said assessments to owners within the district who were not plaintiffs in the action. Appellant asserts that the granting of such relief would be proper only if respondents had brought a representative action on behalf of all of the property owners within the assessment district. Appellant denies that the instant proceeding was of such a nature and contends that the only relief to which respondents were entitled, under the allegations of their complaint, was a judgment declaring the invalidity of, enjoining enforcement of, and ordering reimbursement of those assessments levied against the various parcels of real property owned by respondents. This contention is sound.

The allegations of the complaint reveal that respondents' attack upon the proposed assessment district was limited solely to their own properties and interests. Although certain of the preliminary allegations of the complaint do make passing reference to the existence of other property owners who were also subject to the challenged assessments, we are satisfied that the pleading furnishes no basis for an assertion that the action was representative in nature. (*Goldman* v. *County of Santa Barbara* (1962) 203 Cal.App.2d 454, 457 [21 Cal.Rptr. 532].) Since the true purpose of the action was to challenge the validity of the assessments levied against respondents (*Vogel* v. *City of Millbrae* (1959) 167 Cal.App. 2d 403 [334 P.2d 620]), the court ought not to have declared the entire assessment district void and ordered reimbursement of the assessments paid by property owners who were not parties to the action and who were clearly subject to the statute of limitations set forth in Streets and Highways Code, section 10400. (*Vogel* v. *City of Millbrae, supra.*)

Appellant's final contention is that the court erred in refusing to admit into evidence appellant's Interrogatory No. 1, and respondents' answers thereto. This evidence was offered for the sole purpose of demonstrating that the improvement of Fairoaks Avenue was not wholly of city-wide or area-wide benefit. Since the court's finding to the contrary must be stricken, a determination as to whether or not the evidence in question was erroneously excluded is unnecessary.

The assessment proceedings in the present case were undertaken pursuant to The Municipal Improvement Act of 1913 (Sts. & Hy. Code, § 10000 et seq.) and serial bonds representing unpaid assessments were issued pursuant to The Improvement Bond Act of 1915 (Sts. & Hy. Code, § 8500 et seq.) The Municipal Improvement Act of 1913 provides, pursuant to Streets and Highways Code, section 10600, that where bonds are issued under The Improvement Bond Act of 1915, the reassessment powers contained in said act shall apply. The Improvement Bond Act of 1915 authorizes reassessment whenever any assessment "is void or unenforceable, for any cause." (Sts. & Hy. Code, § 8705 (formerly Sts. & Hy. Code, § 8702).)

For the reasons above stated, the judgment is reversed with directions to the trial court to modify the judgment so as to provide only that the assessments levied against respondents are invalid; that appellant city is enjoined from collecting said assessments from respondents; that appellant city is ordered to reimburse to respondents all sums collected on account of said assessments; that the assessment district as constituted is valid; and that the assessment proceedings are remanded to the city council of appellant city for reassessment proceedings in the manner and form provided by law.

Agee, J., and Taylor, J., concurred.