[Civ. No. 24696.   First Dist., Div. Four.   May 13, 1969.]

A. V. BRENKWITZ et al., Plaintiffs and Appellants, v. CITY OF SANTA CRUZ et al., Defendants and Respondents.

Murphy & Murphy, J. Frank Murphy and Frank Murphy, Jr., for Plaintiffs and Appellants.

Wilson, Jones, Morton & Lynch and Robert G. Auwbrey for Defendants and Respondents.

DEVINE, P. J.—A petition for writ of prohibition was dismissed by the superior court on the ground that plaintiffs had not exhausted the administrative remedies available to them and that therefore the court was without jurisdiction to proceed. Plaintiffs appeal from the judgment of dismissal.

Plaintiffs' property had been assessed by the City of Santa Cruz for the purpose of opening certain streets, but the assessment had been declared void by the city council and by summary judgment of the superior court, when the court was informed of the city's action, in an earlier proceeding. But the court had remanded the assessment proceeding to the city council for ''such proceedings as are authorized by law.'' By its own terms, the judgment decreed that summary judgment was not to prevent plaintiffs from presenting protests or objections as to any reassessment hereafter made or proposed to be made.

There followed reassessment proceedings as to many, but not all, of the properties and notice was given to all of the plaintiffs herein of a time and place for the hearing of objections by the city council. Plaintiffs filed protests to the reassessments, but without pausing for these to be heard, they filed the petition for writ of prohibition four days before the date set for hearing.

The order dismissing the petition for the writ of prohibition was made on motion of respondents. This was on the ground that plaintiffs had failed to exhaust their administrative remedies and that as a result the court was without jurisdiction to proceed.

What are appellants' asserted exemptions from the need, so firmly established (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715] ; *Aronoff* v. *Franchise Tax Board,* 60 Cal.2d 177 [32 Cal.Rptr. 1, 383 P.2d 409]) for exhausting administrative remedies?

The first is appellants' contention that there is no statutory proceeding for reassessment, and therefore no pro-

vision for administrative remedies upon reassessment, in cases such as the present one, where the improvements have not been completed and where bonds have not been issued. We disagree with this proposition. It is true that the Municipal Improvement Act of 1913, under which the proceedings in this case were commenced, does not contain in itself the procedural arrangement for reassessment. But section 10600 of the Streets and Highways Code, which is part of the 1913 act, provides that the legislative body conducting the proceedings may determine that bonds shall be issued under the Improvement Act of 1911 or the Improvement Bond Act of 1915, and that in any case the proceedings shall be subject to all of the curative clauses and powers of reassessment provided in those acts. Section 5500 of the Streets and Highways Code, which is part of the Improvement Act of 1911, provides for reassessment in a manner presently to be described. Whether bonds are to be issued under the provisions of the Improvement Act of 1911 or the Improvement Bond Act of 1915, section 5500 applies. It would have applied by direct incorporation of the 1911 reassessment provisions of the 1911 act had been the one under which the bonds were to be issued. It applies when the bonds are to be issued, as in this case, under the 1915 act, because section 8705 of Streets and Highways Code, which is part of the 1915 act, provides that reassessment shall be made either in the manner provided by the law pursuant to which the acquisition or improvement was done or was proposed to be done, if such procedure is provided, or as provided by sections 5500 through 5510 of the Streets and Highways Code. Since no procedure is provided for reassessment in the 1913 act (except, of course, by reference to other acts), the terms of section 8705 bring us to section 5500.

Section 5500 of the Streets and Highways Code reads as follows: ''If any assessment heretofore or hereafter made, issued or filed in the office of the clerk is void or unenforceable for any cause or if bonds have been or are issued to represent or be secured by any assessments and such issuance was or is not effective through the curative provisions in relation thereto, or any curative act that may be passed by the Legislature in relation thereto to make them valid and enforceable, then, in any of such events a reassessment therefor may be issued. A reassessment may be made upon the initiative of the legislative body.''

Appellants argue that the reassessment provisions are intended only to protect contractors or bondholders and

that since no bonds were issued or presently authorized in these proceedings, and that since no work had actually been done, reassessment is not authorized. We shall state appellants' arguments and our dispositions of them in this paragraph and, below, our reasons on the positive side. (1) Appellants cite *Cowart* v. *Union Paving Co.*, 216 Cal. 375 [14 P.2d 764, 83 A.L.R. 1185], wherein it is stated (at p. 381) that "The essentials of jurisdiction to order a reassessment are that *a public improvement has been made,* that an assessment has been imposed or attempted, and that payment thereof has not been had." (Italics added.) But the proceedings under review in the *Cowart* case were taken under the Improvement Act of 1911, an act which relates to assessments made following the issuance of bonds and the making of improvements, whereas the present proceedings were instituted under the Municipal Improvement Act of 1913, which contemplates assessments for intended improvements. More pertinent than that just quoted is another sentence of the *Cowart* case: "The purpose of the reassessment act is that land benefited by an authorized public work shall not escape the payment of its proportionate share of the expense thereof." (*Id.*, at p. 381.)

■ (2) Appellants point out that Streets and Highways Code section 5501, describing the purposes of reassessments, says in part: "The true intent and meaning of this chapter is to make the cost and expense of any work *made* through an attempted compliance with this division payable by the real estate benefited by such work by making a reassessment therefor." (Italics added.) But it is to be observed that when the Legislature consolidated, by devices of incorporation and the like, provisions for reassessments which had been established independently in other statutes (reassessments under the Improvement Bond Act of 1915 were provided in Stats. 1941, ch. 79, § 1, p. 966, as amended by Stats. 1949, ch. 856, § 10, p. 1631; reassessments under the Municipal Improvement Act of 1913 were contained in Stats. 1940, First Ex. Sess., ch. 35, § 7, p. 93; reassessments under the Improvement Act of 1911 were contained in Stats. 1927, ch. 329, § 1, p. 540), it could express its intention conveniently in a general way only. The use of the word "made" in section 5501, therefore, should not be regarded as constituting a legislative determination that work must be done in order to provide for reassessments when, as in this case, proceedings are initiated under the Municipal Improvement Act of 1913. Here again, as in the *Cowart* case, the emphasis should be laid upon the expression that real

estate benefited should be made to pay, by the process of reassessment, in case the "attempted compliance" were for any cause deficient.

Now for the reasons on the positive side : (1) Section 10600 of the Streets and Highways Code, part of the Municipal Improvement Act of 1913, does provide, by reference to other acts, for reassessments, incorporating in broad terms the powers of reassessment provided in the described statutes. There is no suggestion in section 10600 that it is to be limited to cases in which bonds have been issued or work done. Indeed, the very nature of the 1913 act is to provide for assessment initially with provision for later disposition of any surplus. (Sts. & Hy. Code, § 10427.) (2) Section 5500 of Streets and Highways Code allows reassessments if the original assessment is void or unenforceable *for any cause,* as determined by the legislative body. (*Nelson* v. *Oro Loma Sanitary Dist.,* 101 Cal.App.2d 349, 359-360 [225 P.2d 573].) (3) We discern in the statutes an intention of the Legislature to provide the curative effect of reassessments where there has been deficiency of any kind in the original assessment procedure. (See *Ferry* v. *O'Brien,* 188 Cal. 629, 636 [206 P. 449] ; *Silva* v. *Reclamation Dist. No. 1001,* 41 Cal.App. 326 [182 P. 786].)

The second asserted exemption from exhausting administrative remedies, as offered by appellants, is that appellants' lands were judicially declared exempt by the judgment which declared the original assessments to be null and void. In the first judgment, the judge remanded for further proceedings, and surely he understood that this would allow reassessment, because he expressly reserved plaintiffs' right to protest reassessments. If it were not plain from the original judgment itself that the judge intended a remand to allow reassessment, the fact that the same judge denied the petition for writ of prohibition would be evidence that he did not regard the first judgment as adjudicating exemption of appellants' lands.

The original summary judgment was not based on the judge's own determination, after contest, that the assessments were void but, as stated in the judgment itself, was grounded on the prior action of the city council declaring the assessment to be unenforceable. For what reason the city council had acted does not appear in the record. The judge would have had no power to make an independent finding as to benefits to be received by an assessment. His duty is merely to

review the record of proceedings. (*Dumas* v. *City of Sunnyvale*, 231 Cal.App.2d 796, 800-801 [42 Cal.Rptr. 302] ; *Jenner* v. *City Council*, 164 Cal.App.2d 490, 497 [331 P.2d 176].) The judge, in rendering the summary judgment, did not act upon a review of anything except the declaration of the city council, mentioned above.

Reassessment is to be made where the original assessment is void ''for any cause'' under section 5500 of the Streets and Highways Code. Whatever the reason, therefore, for the city council's declaration of the invalidity of the original assessment, reassessment was proper.

The next point made by appellants is that all of the councilmen are disqualified from acting on the subject of benefit to the lands of plaintiffs because it has been pleaded in the petition for the writ of prohibition, and has not been denied, that the council originally determined (on the assessment, which the council later set aside) that the lands of plaintiffs were benefited; and that each of the councilmen has repeatedly, publicly and privately, declared that the lands of plaintiffs would be benefited in excess of the proposed assessment. The point is without merit. The fact that the councilmen participated in a previous hearing and resolved matters against the contentions of appellants does not disqualify them. (*Keating* v. *Superior Court*, 45 Cal.2d 440, 447 [289 P.2d 209] ; *Aluisi* v. *County of Fresno*, 178 Cal.App.2d 443, 452 [2 Cal. Rptr. 779].) As to statements which the councilmen may have made, there is no allegation that the councilmen, at the time of filing of the petition, retained their views previously expressed, nor that the councilmen would not, by fair consideration of the evidence to be presented, come to an honest conclusion, no matter what their earlier views had been. But over and above these considerations there is the rule of necessity, that is, that because the city council is the only body authorized by law to engage in the reassessment procedure and to hear and pass upon protests, the councilmen, even if otherwise disqualified, may still act. (*Federal Constr. Co.* v. *Curd*, 179 Cal. 489 [177 P. 469, 2 A.L.R. 1202] ; *Caminetti* v. *Pacific Mut. Life Ins. Co.*, 22 Cal.2d 344, 366 [139 P.2d 908] ; *Aluisi* v. *County of Fresno, supra,* 178 Cal.App.2d at pp. 452, 453.) By way of contravening the rule of necessity, appellants say that there is a particular provision of the Charter of the City of Santa Cruz, section 602, which specifically disqualifies the councilmen, and they argue that the rule of necessity, although applicable to cases wherein ethical considerations

only are present, does not apply in the face of a statutory disqualification. They cite no cases to support this proposition, but even if it be assumed valid, we find that section 602 of the Charter of the City of Santa Cruz simply provides that members of the council must be registered voters of the municipality and residents for at least three years. (Stats. 1965, ch. 95, p. 5214.)

█ Appellants refer in their closing brief to failure to have an engineer's report preliminarily approved and on file. The point was not made in their opening brief and therefore we shall disregard it. (3 Witkin, Cal. Procedure (1954) § 355, p. 2242; *id.,* 1965 Supp., p. 915; *id.,* 1967 Supp., p. 982.) Although respondents did make reference to this point in their brief, replying no doubt to what had been argued in the superior court, this was merely unnecessary defensive action and was not in the nature of a positive argument made against appellants.

The judgment dismissing the petition for writ of prohibition is affirmed.

Rattigan, J., and Christian, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 9, 1969.