[Civ. No. 11813.    Third Dist.    Sept. 4, 1969.]

DEENA L. NOONAN, a Minor, etc., Plaintiff and Respondent, v. CHARLES R. GREEN et al., Defendants and Appellants.

Michael T. Hennessy for Defendants and Appellants.

David E. Otis for Plaintiff and Respondent.

BRAY, J.†—Appeal from judgment of the superior court granting a peremptory writ of mandate to compel respondent Siskiyou Union High School District and its board members to "set aside and vacate your order requiring that female persons attending McCloud High School wear uniforms as a condition of attendance thereto, and specifically that the Order of Suspension of Petitioner, DEENA L. NOONAN, be set aside. . . ."

### QUESTION PRESENTED

Was petitioner required to exhaust her administrative remedy before obtaining a court determination of whether the requirement, that girls, while attending the McCloud High School, be required four days a week to wear uniform styles of dress, is unreasonable and unconstitutional?[1]

### RECORD

It appears that girls attending McCloud High School, one of the high schools of the Siskiyou Union High School District, a public school, are required four days a week to wear a prescribed uniform-type of dress—middy blouse with collar and tie, and a blue, black or white skirt. Of the six high schools of the Siskiyou district, the McCloud High School is the only one with this uniform requirement, although in all the high schools of the district both boys and girls are required to wear uniform-type of clothes in gymnasium and physical education classes. On September 11, 1967, Deena L.

---

†Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]Inasmuch as Deena, in the meantime, has completed high school, the proceeding is moot as to her. However, as the trial court's judgment purports to vacate the McCloud High School requirement as to uniforms, it is necessary to determine the question of whether that issue was really before the court.

Noonan, a student in good standing, appeared at the McCloud High School neatly and modestly dressed in a non-uniform blouse and skirt. She stated that she declined to wear the prescribed uniform and would continue to do so. Her objection to wearing the uniform was not based upon religious or cost grounds, but upon the ground that the requirement was unreasonable and a violation of her constitutional rights. Thereupon, she was refused admission to the classrooms and suspended from school solely on the ground of her refusing to wear a uniform.

On September 14, Deena's parents were served a notice by the Siskiyou Union High School Board of Trustees that "Pursuant to Education Code Section 10602, whereby your daughter, Deena Noonan, has exhibited continued wilful disobedience and open and persistent defiance of the authority of the Principal in observing the uniform dress regulations of McCloud High School, . . . the Board of Trustees would meet in special session at a prescribed hour and place on September 27. The specific purpose of the meeting is to consider the possible expulsion and permit you to show cause why your daughter should not be expelled as a student. . . . We are desirous of exhausting all administrative procedures to insure the prevention of bias from entering into the decision of the board."

Without waiting for this hearing, Deena, through her guardian ad litem, brought a petition for alternative writ of prohibition to prohibit the enforcement of the uniform requirement and to reinstate Deena as a student at the McCloud High School. On the issuance of an alternative writ of prohibition, the school board postponed the proposed hearing until after the termination of the court proceedings. Later the petition was amended to one seeking a writ of mandate, and was heard as such.

The court found that the requirement was unreasonable and that it violated constitutional prohibition set forth in the Fourteenth Amendment of the United States Constitution and article I, section 1 and section 9 of the California Constitution.

At the hearing in the superior court, no evidence was offered and the matter was tried on the stipulation of counsel for the parties.[2]

---

[2]It was stipulated that had evidence been offered as to whether the uniforms were more expensive, less expensive than, or equally as expensive as, normal dress, such evidence would have been conflicting.

In *Akin* v. *Board of Education of Riverside etc. District* (1968) 262 Cal.App.2d 161 [68 Cal.Rptr. 557] (the case primarily relied upon by appellant) evidence was offered in support of the school regulation there in question. In the case at bench no evidence was presented to show that the uniform requirement relates to the enhancement of a free public education or that the benefits gained by the public by the enforcement of the regulation outweighs the student's right of self-expression in dress, or that any competition in girls' clothes actually existed in the high school or that such competition, if any existed, constituted a disruptive influence in the school or the educational process.

Instead of evidence to support the regulation, appellant was satisfied with the stipulation that evidence would have been "that the use of these uniforms *in the opinion of the board* is to promote more democratic policy among the girls and to eliminate the clothes competition between girls attending the school." (Italics added.) In the absence of evidence of conditions at the school requiring the regulation, it is difficult to understand how the mere opinion of the board proves that "the utility of imposing the conditions manifestly outweighs any resulting impairment of constitutional rights." (*Goldberg* v. *The Regents of the University of California* (1967) 248 Cal.App.2d 867, 877 [57 Cal.Rptr. 463].)

The record is delightfully vague as to whether the requirement of wearing the uniform-type of dress is a "rule," a "regulation," or a "policy." The record fails to show, and inquiry at oral argument failed to disclose, in just what form the requirement exists, and whether any evidence of it appears in writing in any of the records of the Siskiyou County Board of Education, the McCloud High School Board, or of the McCloud High School principal. Nor does it appear who adopted the requirement in the first place. The stipulations show that the Siskiyou High School District operates six high school districts, of which the McCloud High School District is one, and has allowed the various high school districts "a great deal of autonomy of regulation;" that "this particular rule of uniforms at the McCloud High School *was developed* through the request of the students themselves enrolled in the McCloud High School in the year 1926, and that it has been recognized by the district as a regulation concerning this school, and at the time it was *established* that all students attending the school wished to wear uniforms, it was done by unanimous consent, but . . . from time to time thereafter,

whenever there appeared to be any dissatisfaction with this rule, that an advisory election was held and that the result of each of these elections was almost a unanimous vote by the girls attending the McCloud High School to continue wearing the uniforms, and particularly pertaining to the advisory election held in May of this year [1967], that there was a vote for the continuance of wearing these uniforms by 87 to 11." (Italics added.)

Again, it does not appear whether the regulation is a rule adopted by the Siskiyou board, the McCloud High School Board, the principal of that school, or a measure adopted in some way by vote of the high school girls.

■ The first question is whether there was any administrative remedy open to respondent, and if so, should she have exhausted such remedy before resorting to the courts.

Section 10602, Education Code, the authority upon which Deena's suspension was based, provides in pertinent part: "Continued wilful disobedience . . . open and persistent defiance of the authority of the school personnel . . . at any time or place shall constitute good cause for suspension or expulsion from school; however, no pupil shall be suspended or expelled unless the conduct for which he is to be disciplined is related to school activity or school attendance."

Section 10601.5 provides: "The principal of a school may suspend for good cause any pupil from the school . . . ," with certain exceptions not applicable here, "and subject to the provisions of Sections 10607 and 10607.5. The principal shall report the suspension of such a pupil to the governing board of the school district or to the district superintendent in accordance with the regulations of the governing board. Any suspension pursuant to this section shall not exceed 10 schooldays."

Section 10607 states in pertinent part: ". . . No pupil shall be suspended from a secondary school for more than the duration of the current semester. . . . On or before the third consecutive school day of any given period of suspension, the parent or guardian of the pupil involved shall be asked to attend a meeting with school officials, at which time the causes, the duration, the school policy involved, and other matters pertinent to the suspension, shall be discussed. If the parent or guardian fails to join in such conference, the school officials shall send him by mail a letter stating the fact that suspension has been implemented and setting forth all other data pertinent to the action."

Section 10607.5 provides: ''Notwithstanding the provisions of Section 10607, no student shall be suspended from school for more than 20 days in a school year except he shall first be transferred to and enrolled in one other regular school'' or a certain type of school or class.

Apparently the notice of hearing sent Deena's parents by the Siskiyou Board of Trustees was sent pursuant to section 10607.

Section 10608 provides for an appeal by the parent or guardian of an *expelled* pupil to the County Board of Education. (Deena was not expelled.)

At the trial court hearing and in the proceedings before this court, the parties purported to waive any right to exhaust administrative remedies. They further stipulated in the trial court that had the board hearing set for September 27 been held the board would have upheld the ''policy of the McCloud High School.''

Apparently the Education Code contains no provision for appeal by the suspended student or his parents from the principal's order of suspension. However, section 10601.5 requiring the school principal to report the suspension to the school board and the requirement of section 10607 of a hearing within three days before the school officials, in effect, supply the suspended student with a remedy.

The principal's suspension, under sections 10601.5 and 10602, appears to be merely a day-to-day suspension which terminates under section 10601.5 at the end of 10 days or at the time of the hearing before the board if held within that period. In the latter case action of the board is required as to whether further discipline is to be evoked, either by suspension or expulsion. In this case the principal exceeded his authority in suspending Deena for 13 school days. However, the board, in the notice to the parents, did not refer to the principal's suspension but required her to show cause why she should not be expelled. In view of this situation, neither party can waive that administrative hearing—to do so would keep in effect indefinitely the suspension by the principal. Moreover, the necessity for such a hearing before resorting to the courts is well illustrated in this proceeding. Had such hearing been had, much of the indefiniteness and vagueness concerning the regulation which faced the trial court, and faces us, would have been cleared up, because undoubtedly disclosure would have been made of who made the regulation, the reason for it, and where it may be found.

Section 1052 Education Code, provides: "The governing board of any school district shall prescribe rules not inconsistent with law or with the rules prescribed by the State Board of Education, for the government of the schools under its jurisdiction." So it is the Siskiyou board's action which must be reviewed by the court and not merely the temporary action of the high school principal. As we have pointed out, we have been deprived of any evidence of what the board's rule is in respect to uniforms and of any action by the board other than the setting of a hearing which was not held, but which would have determined the existence or validity of a purported rule or the suspension or expulsion of Deena.

In view of the many uncertainties in the record in this case, the mere stipulation that "the County Board of Education would uphold the policy" of the McCloud High School certainly cannot take the place of the hearing required by section 10607 or the appeal prescribed by section 10608.

The trial court took the position that because of this rather indefinite stipulation, Deena, "for the purpose of this hearing [is] deemed *expelled* for violation of" section 10602. (Italics added.) This illustrates the fallacy of not preceding the court proceeding with the board's set hearing. If Deena had been expelled she would have been required to exhaust her administrative remedy under section 10608, which provides for appeal to the county board of education.

It appears to be the general policy of the law that where in an administrative proceeding there is an administrative appellate body provided by statute, that body must exercise its jurisdiction before the courts may be called upon to act, and that the parties to an administrative proceeding may not waive the benefits of a statute established for a public reason, nor may jurisdiction be conferred upon the court by consent. (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715]; *Buchwald* v. *Superior Court* (1967) 254 Cal.App.2d 347, 359 [62 Cal.Rptr. 364].)

Because of failure of the parties to pursue the administrative remedies provided by sections 10607 and 10608, the trial court had no jurisdiction to determine this matter.

The judgment is reversed and the petition for writ of mandate is ordered dismissed. Each party shall bear its own appeal costs.

Friedman, Acting P. J., and Regan, J., concurred.