[Civ. No. 42410. Second Dist., Div. One. Feb. 18, 1975.]

FRANCHISE TAX BOARD, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent;
ISABELLA E. WILLIAMS, Real Party in Interest and Appellant.

378

**COUNSEL**

Marks, Sherman, Schwartz & Barab and Burton Marks for Real Party in Interest and Appellant.

Evelle J. Younger, Attorney General, Mark W. Jordan, Lawrence K. Keethe and Philip C. Griffin, Deputy Attorneys General, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

## OPINION

**THOMPSON, J.**—The case at bench reaches us on an appeal from a peremptory writ of the Los Angeles Superior Court directed to the Los Angeles Municipal Court requiring that the latter tribunal: (1) vacate an order directing the return to real party in interest of $14,025 improperly seized pursuant to an invalid search warrant; and (2) enter a new order requiring that the money be delivered to respondent Franchise Tax Board (Board) pursuant to an order to withhold issued and served by Board incident to a jeopardy assessment of personal income tax assertedly due from real party in interest. Concluding that the municipal court acted in excess of its jurisdiction in issuing its order, we affirm the judgment.

Prior to March 17, 1972, the Los Angeles Police Department, acting pursuant to a search warrant issued by a magistrate of the Los Angeles Municipal Court, seized $14,025 in cash from real party in interest. On March 17, at 1:20 p.m., Jonathan K. Golden served on the Los Angeles Police Department a "Notice of Assignment and Demand for Funds" executed by Burton Marks, an attorney at law. The notice recites that the seized funds are the property of "our clients" and "have been assigned irrevocably to attorney Burton Marks." It demands delivery of the funds "into his custody forthwith." The Board, having been previously informed by the Los Angeles police of the seizure of the funds, entered a jeopardy assessment of personal income tax against real party in interest for the taxable year 1971 and the period January 1, 1972 to March 17, 1972, in the total amount of $16,510. Shortly after 2 p.m. on March 17, an order to withhold personal income tax, together with a certificate of tax due from real party in interest, was mailed by Board to the Los Angeles Police Department.

On March 27, the municipal court heard appellant's motion to traverse the search warrant. On motion of her counsel, appellant's name was "deleted" and "the proceedings amended" to read "traverse of search warrant no. 3556." The municipal court entered a minute order that the funds were to "be released to [appellant's] attorney Burton Marks ten days from this date unless the court is ordered to the contrary by a court of higher jurisdiction."

On April 3, 1972, the municipal court issued an order that all property seized pursuant to the search warrant "which is in the custody of law enforcement officers and which is property not desired to be held by the

custodian officers as contraband and/or evidence may be released to the person or persons from whom property was seized or their legal representative without further order of the court. [¶] The custodian officers shall file with the court within ten days . . . written statements of all property returned and all property retained and if retained the reason for such retention, that is, evidence or contraband."

On April 3, 1972, Board filed in the superior court an unverified petition for writ of mandate and for "injunction or temporary restraining order," thus commencing the case at bench. The petition names the municipal court as respondent and appellant as real party in interest. It alleges the existence of the municipal court order of March 27, 1972, requiring payment of the fund to Mr. Marks and giving Board 10 days to take action in a higher court to preserve its right to the fund. The petition alleges also that the funds had been delivered to the municipal court pursuant to a subpena duces tecum "after stipulation by counsel, with the reservation that any rights the Franchise Tax Board had while the property was in the hands of the Los Angeles Police Department would continue while the funds were in the possession of the . . . Municipal Court." The allegations are admitted by the failure of the municipal court or real party in interest to deny them in a return.

On April 7, 1972, the superior court filed its alternative writ of mandate directing the municipal court to vacate "its order of March 27 . . . [or] . . . to show cause . . . why said order should not be vacated and some other disposition made with said funds." The alternative writ further orders that: "[P]ending determination of the Alternative Writ of Mandate, the Municipal Court, and any of its officers or employees, or the Clerk of the Municipal Court or any of its officers or employees are prohibited from disposing of the said funds in the amount of $14,025 to real party in interest . . . ." The alternative writ and stay order were served upon the real party in interest and the municipal court but apparently no notation of the fact of service was made in the municipal court file of proceedings pertaining to the warrant and seizure. On April 12, real party in interest filed her return to the alternative writ in the form of points and authorities and a declaration to the effect that the funds involved had been assigned prior to notice of the jeopardy assessment, the petition for writ of mandate was not verified, and the municipal court had not acted in excess of its jurisdiction. The return does not deny any of the factual allegations of the petition. On April 27, real party in interest filed a demurrer to the petition, a motion to strike, and a supplemental return, claiming that the petition was defective

because it was not verified, the Board was limited in its remedy to the procedure provided in Penal Code sections 1538.5 and 1539, and the portions of the Revenue and Taxation Code authorizing jeopardy assessment deny due process of law. On that same day, the superior court heard evidence concerning the jeopardy assessment and the purported assignment. The superior court took the matter under submission. On May 2, the court sustained the demurrer on the ground that the petition was not verified and granted Board 10 days to file a verified petition. It otherwise overruled the demurrer and continued the stay order in effect, directing real party in interest to give notice. A verified petition for writ of mandate was filed on May 4 containing the same allegations as the previous unverified pleading. On May 12, real party in interest demurred to the amended petition, claiming that the verification was inadequate and that Board had failed to pursue its remedies in the municipal court. Board filed its response to the demurrer on May 23 in the form of points and authorities and a declaration that Board had attempted to raise the issue of the jeopardy assessment and resulting lien in the municipal court but that upon real party in interest's objection had not been permitted to do so. The matter was heard on May 25 and submitted with "[t]he temporary restraining order . . . to remain in full force and effect pending final disposition of the matter . . . ." On June 2, 1972, the superior court filed its minute order including an intended decision that a peremptory writ issue directing the municipal court to deliver the funds to Board. Real party in interest failed to make a timely request for findings of fact and conclusions of law. On June 16, 1972, the peremptory writ was served on the presiding judge of the municipal court.[1] On June 26, real party in interest filed a notice of motion for permission to file a late request for findings of fact and conclusions of law and for reconsideration or a new trial. Board filed points and authorities in opposition to the motions on July 10. On July 24, counsel for real party in interest presented an ex parte application to the municipal court reciting that the search warrant had been quashed and seeking an order returning the funds to the person from whom they had been seized. Counsel for real party in interest apparently informed the court of the existence of the stay order but, based upon the court file, represented that it had not been served on the municipal court. He apparently, however, neglected to inform the municipal court that he had not complied with the superior court order of April 27 directing that he give notice that the stay order was continued in effect. Apparently, also, no mention was made of the peremptory writ previously served. The municipal court granted the ex parte application on July 24 and the funds were delivered to counsel for

---

[1] Judgment, however, was not yet entered.

real party in interest. On July 26, the municipal court ordered that the funds released pursuant to the ex parte application be returned. On July 27, real party in interest, through her counsel, moved in the superior court for a new trial and to dismiss the mandate action, arguing that the funds having been returned the mandate action was moot. The motion was set for hearing on August 2. It was heard and submitted. Real party in interest then filed the declarations of Burton Marks, her counsel, and of Thomas Reese to the effect that the $14,025 seized pursuant to the quashed search warrant had never been the property of real party in interest but rather belonged to Reese who had "verbally" assigned it to Marks. Because Reese desired that the true ownership of the funds not be disclosed, Marks prepared the "Notice of Assignment and Demand for Funds" served on the Los Angeles Police Department on March 17, deliberately withholding the name of the assignor, referring to the assignor only as "our clients."

On August 28, 1972, the superior court entered its minute order denying real party in interest's motion to dismiss and related motions. Judgment granting the peremptory writ of mandate was filed on August 30 and notice of the ruling was given September 5. This appeal followed.

Appellant, real party in interest, contends: (1) the superior court was without jurisdiction to issue its alternative writ on the unverified petition of the Board; (2) "the temporary restraining order" was void because it was unsupported by a verified complaint or declaration, it extended for a period of time in excess of that permitted by statute, and Board was not ready to proceed on the date set for hearing on return to the alternative writ;[2] (3) the superior court lacked jurisdiction to proceed because the petition failed to allege that the municipal court was acting in excess of its jurisdiction; (4) the remedy of mandamus was not available to Board; (5) venue in the action was improper; and (6) the practice of levying jeopardy assessment deprives the real party in interest of due process of law. Appellant contends, alternatively, that in any event the matter should be returned to the superior court for a hearing on the priority of liens on the fund. The contentions are not supported by the record or applicable law.

### Verification

■ Appellant's contention that the superior court lacked jurisdiction of the cause for failure of the original petition to be verified is contrary to

---

[2]The latter claim is not supported by the record.

the record and the law. We review, on this appeal, the propriety of the action of the trial court in issuing its judgment, including within the scope of that review analysis of any claimed prejudicial error in rulings leading to the judgment. Here any defect in the failure of verification of the original petition for alternative and peremptory writ was cured when, pursuant to permission of the trial court, the petition was amended to include a verification. (Cf. *Benjamin Franklin B. & I. Corp.* v. *Schmidt,* 132 Cal.App. 39, 40 [22 P.2d 26], as discussed in 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 135, subd. (4).) Appellant argues that had the superior court not issued the alternative writ and stay order on the unverified petition, the municipal court would have disbursed the funds. That argument is ineffective to avoid a determination of the controversy on the merits. If action by the municipal court unaffected by the stay order would have been contrary to law, appellant cannot complain on appeal that she was prejudiced by being denied the fruit of an erroneous action.

### Stay Order

■ Relying upon the restrictions on the issuance and term of a temporary restraining order (see e.g., Code Civ. Proc., § 527), appellant attacks the order in the case at bench prohibiting municipal court action while the superior court mandate proceeding was pending. The attack ignores both the lack of prejudice to appellant from any assumed error in the order and the nature of the order itself. While denominated a temporary restraining order, the superior court order was not. "A temporary restraining order is issued to prohibit the acts complained of, pending a hearing on whether the plaintiff is entitled to a preliminary injunction." (2 Witkin, Cal. Procedure (2d ed.) Provisional Remedies, § 46; Code Civ. Proc., § 527.) Here the order was issued to preserve the status quo of litigation while the superior court exercised its power to review proceedings in the municipal court. Such an order is properly denominated a ."stay order" and is akin to a writ of supersedeas grounded on the inherent power of the reviewing court. (See 6 Witkin, Cal. Procedure (2d ed.) Appeal, § 185, and cases there cited.) A stay order is not subject to the statutory limitations on issuance and duration applicable to temporary restraining orders.

### Jurisdiction of Municipal Court

■ Contrary to appellant's contention, the petition for writ of mandate in the case at bench alleges ultimate facts establishing that the municipal court was acting in excess of its jurisdiction, as that term is

used to describe a condition precedent to the issuance of a writ of mandate. ■ "Where the facts are undisputed and the law establishes the right of a party to an order or to the relief which the court has refused, the writ will lie." (*California etc. Co.* v. *Superior Court,* 13 Cal.App. 65, 70 [108 P. 882]; see also 5 Witkin, Cal. Procedure (2d ed.) Extraordinary Writs, § 80, and cases there cited.) The writ is similarly appropriate where the duty of the court to which it is directed is absolute. (*Bales* v. *Superior Court,* 21 Cal.2d 17, 25 [129 P.2d 685].) ■ Once notice of the jeopardy assessment, the order to withhold, and certificate of tax deficiency were filed with the municipal court, that tribunal lacked power to order return of the funds to the person from whom they had been seized. (*Horack* v. *Franchise Tax Board,* 18 Cal.App.3d 363, 370-371 [95 Cal.Rptr. 717].) Assuming without deciding that the municipal court, despite the statutory limitations on its subject matter jurisdiction, was empowered to determine conflicting claims to the cash upon which the assessment was levied,[3] no conflicting claim was established. The purported notice of assignment is the only evidence that someone other than real party in interest claimed the fund. The notice is, however, framed in conclusory terms and by design does not state that real party in interest was the assignor or that the assignor, if other than real party in interest, had any right to the money. Thus, on the undisputed facts before the municipal court, it lacked power to order return of the funds. Its action purporting to do so was thus beyond its jurisdiction as that term is used in the context of extraordinary writs.

### *Propriety of Writ of Mandate*

■ Arguing that the Board (1) possessed an adequate remedy at law by appeal from the municipal court's ruling on the motion to traverse the search warrant (see Pen. Code, § 1538.5, subd. (o)), (2) was obligated to move for reconsideration of the order in the municipal court during the 10-day period when that court had suspended execution of its order, and that (3) mandamus is not available to collect a jeopardy assessment, real party in interest contends that the superior court erred in issuing its peremptory writ.

Because no timely request for findings of fact was made, we are required to imply all findings necessary to support the judgment. The record amply supports the implied finding that the Board's remedy by appeal was inadequate and that further proceedings by the Board in the municipal court were not required.

---

[3]But see Code of Civil Procedure section 89, subdivisions (a)(1) and (b)(1); *People* v. *Pacific Employers Ins. Co.,* 36 Cal.App.3d 296, 300 [111 Cal.Rptr. 350].

If the order to return funds is treated as one made pursuant to a "nonstatutory motion" calling upon the municipal court to exercise its inherent power over property seized pursuant to its process, the order is not appealable. (*People* v. *Hopkins,* 44 Cal.App.3d 326 [118 Cal.Rptr. 683].) If the order is treated as made pursuant to Penal Code sections 1538.5 and 1539, the Board was not a party to the proceedings and thus was in no position to appeal. The Board was denied the right to appear in the municipal court proceedings. While the criminal proceeding in which the motion was made was one in which the People of the State of California were represented by the prosecuting attorney, only the Board could represent the state on matters of taxation and the prosecutor was precluded by statute from representing the Board. (Rev. & Tax. Code, § 18832.) Having been denied appearance through its statutory representative, the State of California was not bound on matters unrelated to the crime charged. (See *Cozens* v. *Superior Court,* 31 Cal.App.3d 441, 443 [107 Cal.Rptr. 408].)

Appellant argues that the municipal court order granted Board 10 days to move for reconsideration and that Board having failed to do so is precluded from seeking mandate. The argument misstates the record. The municipal court order was final subject to the express stay of proceedings while Board sought the writ.

Appellant's argument that mandamus is not available to collect a jeopardy assessment is frivolous. The writ of mandate involved in the case at bench is one reviewing improper action by the municipal court and not one to force collection.

### Venue

■ Equally frivolous is appellant's contention that by reason of Revenue and Taxation Code section 18832 venue of the proceedings lay exclusively in Sacramento County. Section 18831 of that code provides that the Board may bring an action to recover taxes that have been assessed, and section 18832 states that the venue of the action is in Sacramento County. Here, however, the writ of mandate was not directed to the collection of tax, the administrative procedure for determining the amount due not having been commenced. The writ was directed solely to the power of the municipal court to compel return of funds charged with a jeopardy assessment pending completion of the administrative process. (See *People* v. *Freeny,* 37 Cal.App.3d 20, 31 [112 Cal.Rptr. 33].)

*Constitutionality of Jeopardy Assessment*

Citing *Sniadach* v. *Family Finance Corporation,* 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820], and *Randone* v. *Appellate Department,* 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13], appellant contends that the process of jeopardy assessment without a prior hearing on the prima facie merit of the tax claim denies due process of law. The contention is groundless. The United States Supreme Court has excluded the practice of jeopardy assessment to secure compliance with the obligation to pay taxes from the rule of *Sniadach.* (*Fuentes* v. *Shevin,* 407 U.S. 67, 91-92 [32 L.Ed.2d 556, 576-577, 92 S.Ct. 1983].) California decisions take the same approach.[4] (*People* v. *Freeny, supra,* 37 Cal.App.3d 20, 31-32; *Horack* v. *Franchise Tax Board, supra,* 18 Cal.App.3d 363 [95 Cal.Rptr. 717].)

*Determination of Validity and*
*Priority of Tax Lien*

Appellant argues that the superior court refused to hear evidence on the validity of the jeopardy assessment but fails to point out in her brief any offer of evidence purportedly excluded. Our own review of the record discloses none. Subsidiary to the ungrounded contention of failure of the superior court to hear evidence of illegality of the assessment is appellant's final contention that in any event the matter must be returned to the superior court for determination of priority of liens on the fund. Leaving aside the issue of standing in view of the absence as a party of Marks, the purported assignee of the fund, and of Reese, the purported assignor,[5] the issue of the validity of the assignment was presented to the court. Appellant offered no evidence beyond the purported notice of assignment. That notice was considered by the trial court and properly determined to be of no legal significance in view of its

---

[4]We do not reach the question of constitutionality of the jeopardy assessment practice as applied in special or extraordinarily oppressive circumstances. (See news release S.C. 45/74 noting grant of hearing in *Dupuy* v. *Superior Court,* L.A. 30381.) For example, appellant does not raise in her brief the significant issue of unconstitutionality in application of the jeopardy assessment process where it impinges on Sixth Amendment right to counsel. (See *People* v. *Vermouth,* 42 Cal.App.3d 353, 356-359 [116 Cal.Rptr. 675].) No record on that issue was made in the trial court. Nor was there any other showing of special circumstances.

[5]Neither Marks nor Reese sought leave to intervene. (Code Civ. Proc., § 387; *Overell* v. *Overell,* 18 Cal.App.2d 499, 502-503 [64 P.2d 483].) Nor did they move to vacate the judgment. (Cal. Appellate Practice (Cont. Ed. Bar 1966, 1974) § 6.6.)

conclusionary nature and failure to state from whom the funds were assigned or that the assignor had any right to the money.

*Disposition*

The judgment is affirmed.

Wood, P. J., and Hanson, J., concurred.

A petition for a rehearing was denied March 7, 1975, and appellant's petition for a hearing by the Supreme Court was denied May 1, 1975.