234 P.2d 362

### WOOD v. GRAU.

No. 5404.

Supreme Court of New Mexico.

Aug. 2, 1951.

J. V. Gallegos, Tucumcari, for appellant.

E. P. Ripley, Santa Fe, for appellee.

COORS, Justice.

This suit was filed in the District Court of Quay County by the plaintiff-appellant against Earl Grau, defendant-appellee, to replevin certain personal property. Plaintiff alleged under oath that he is the owner of and has the legal right to the possession of the personal property particularly described and that it is unlawfully and wrongfully withheld by the defendant from the possession of plaintiff; that the right of action originated within one year and that demand was made on defendant to deliver the property to plaintiff and that defendant refused and that by reason of the wrongful detention plaintiff was damaged in the sum equal to the alleged value of the property. Plaintiff prays for possession of the property, damages equaling its total value and general relief.

On the 10th day of February, 1950, the same day the action was filed, a writ of replevin was issued by the clerk of the court to the Sheriff of Quay County. The sheriff's return of the writ, filed on February 13, 1950, recites that it came to hand on the 10th day of February, 1950 and that he delivered one true copy of the writ to defendant Earl Grau. The return further states "I further certify that the property described in this writ of replevin, to-wit * * *, was not attached in as much as the defendant has disposed of said property. The property described was sold on Nov. 30, 1949 to Ross Cawthon, Tucumcari, New Mexico. B. T. Jennings, Sheriff, Quay County, N. M."

On March 8th, 1950, defendant filed an answer denying all allegations made by plaintiff except those relating to residence.

On October 6, 1950, defendant filed a motion for summary judgment against plaintiff stating it was filed "under Rule 56b for the reasons:

"That the records and pleadings in the case and especially the sheriff's return on the Writ of Replevin herein affirmatively show that the property sought to be replevined

was not in the possession of the Defendant, as of the date of filing of said cause and for more than two months prior thereto, that there is no genuine issue as to the material fact of possession being withheld by the Defendant as alleged in Paragraph three of Plaintiff's Complaint.

"That the Defendant is entitled to a Summary Judgment in his favor as a matter of law, for the reason that the sheriff's return can not be collaterally attacked and is conclusive and binding upon the parties and conclusively shows that there has been an issuance and service of the Writ which brings under the control of the Court the property for the purpose of rendering a Judgment herein."

Plaintiff filed a motion asking the court to deny defendant's motion for summary judgment and an affidavit containing some detailed facts as to the title of the property and how he acquired it and the defendant's knowledge thereof, and that there were issues to be determined in the cause including his claim against defendant for damages by reason of defendant's wrongful detention of the property.

On October 25th, 1950, the trial court entered a summary judgment in favor of defendant, the important parts of which read as follows:

"* * * the Court finds that the records and pleadings in this cause and especially the sheriff's return on the Writ of Replevin herein affirmatively shows that the property sought to be replevined was not in the possession of the defendant as of the date of filing of said cause and for some two months prior thereto; that there is no genuine issue as to the material fact of possession being withheld by the defendant as alleged in Paragraph III of Plaintiff's Complaint.

\* \* \* \* \* \*

"It Is Therefore Ordered, Adjudged And Decreed by the Court that the defendant is entitled to and is hereby given summary judgment upon the issues contained in the above entitled and numbered cause."

Seven days thereafter the plaintiff on November 2nd filed a motion to set aside the summary judgment, claiming it was erroneous for the reason that the motion for judgment and the summary judgment were based upon the sheriff's return of the writ, which recited the defendant did not have the possession of the property at the time and because defendant had sold and disposed of it to a third party, in other words, that the personal property sought to be seized in this replevin suit was not found and could not be seized by the sheriff from defendant because defendant had sold or disposed of same before the sheriff attempted to execute the writ and before suit was filed. Plaintiff also claimed the judgment erroneous because there were other issues raised by the complaint including unlawful and wrongful detention of the

property by defendant, its value and plaintiff's claim of damages for its wrongful detention. The plaintiff also stated in his motion the following: "Further, that a summary order or judgment is not proper in this case, being a replevin case, for the reason that where the property sought to be replevined is not found, the action shall not abate, but is to proceed as for conversion on the facts set out in the Complaint, or the Plaintiff should be permitted to amend his Complaint by pleading and alleging facts constituting conversion."

The plaintiff then stated that upon being allowed to file an amended complaint for conversion he would allege certain facts therein stated by him which contained the essential u'timate facts necessary to state a cause of action for conversion of personal property.

The plaintiff prayed that the summary judgment of October 25th, 1950, be set aside and that the action proceed upon the facts stated in the original complaint or upon an amended complaint that plaintiff be allowed to file and for general relief.

The court thereafter entered an order on November 29th, 1950, overruling plaintiff's motion to set aside the summary judgment.

The plaintiff makes one assignment of error which he subdivided into two parts, argued and considered together as one point. He contends the court erred in entering the summary judgment of October 25th, 1950, and that the court erred in entering the order of November 29th, 1950, overruling plaintiff's motion to set aside said summary judgment.

The question presented does not seem intricate or complicated. It requires us to determine whether the action of the trial court was in disregard and contrary to the provision of law found in the last paragraph of Sec. 22–114, N.M.Stat.Ann.1941. This law was originally passed and added to the Code of Civil Procedure in the Session Laws of 1907, Ch. 107, Sec. 1, Subsec. 227. It reads as follows: "Where the goods and chattels sought to be seized by a proceeding in replevin are not found, the action shall not abate, but may proceed as for conversion upon the facts set out in the complaint as originally stated, or as the same may be amended."

The action of replevin in our State is statutory and found its origin in the early Code of Civil Procedure passed in the December Session of 1847. The identically worded section creating the right of action passed more than one hundred years ago is now found in Sec. 25–1501, N.M.Stat.Ann. 1941, and is as follows: "Any person having a right to the immediate possession of any goods or chattels, wrongfully taken or wrongfully detained, may bring an action of replevin for the recovery thereof and for damages sustained by reason of the unjust caption or detention thereof."

Replevin under the statute is a possessory action. The primary purpose of the action is to give or restore the actual possession of goods and chattels to the person lawfully entitled thereto under the act, seizing them in the first instance from the defendant, whom plaintiff alleges has wrongfully taken or detained them. Necessarily, in order for a court to proceed to try and render judgment granting possession of the chattels to plaintiff or defendant, the chattels in dispute would have to be found and seized by the officer executing the writ of replevin. If the chattels are not found and seized the court, having acquired no control over same, is without power or jurisdiction to award actual possession to either plaintiff or defendant. Johnson v. Terry, 48 N.M. 253, 149 P.2d 795.

But sixty years after our original statute of 1847 was passed creating the right of action in replevin, our legislature, apparently in the interest of prompt administration of justice, saving of delay and expense and to avoid multiplicity of suits, passed in 1907 the provision of law hereinabove quoted as Sec. 22-114, N.M.Stat.Ann.1941.

That law in effect said to the courts, where the goods and chattels sought to be seized by proceedings in replevin are not found, the action shall not abate, and you shall not dismiss the action on that account even though you cannot proceed to try the action and give judgment as in replevin but you are to treat the action under such circumstances from then on as an action for damages for the wrongful conversion of the goods and chattels and allow it to proceed as an action for conversion upon the facts set out in the complaint as originally stated when it was intended to be an action of replevin or upon such complaint as it may be amended by plaintiff.

An action for conversion is more frequently called an action of trover or trover and conversion.

Under the subject of Trover and Conversion, 53 Am.Jur., p. 822, Sec. 29, we find the following: "The gist of a conversion has been declared to be not the acquisition of the property by the wrongdoer, but the wrongful deprivation of a person of property to the possession of which he is entitled. * * *"

In 53 Am.Jur., p. 827, Sec. 34, we find the following: "An action for conversion may be predicated upon an improper disposal, removal, transportation, delivery, or transfer of possession of property to one not authorized by the owner to receive the same. Indeed, it is sometimes declared that the gist of the action is the disposing or assuming to dispose of another's goods without his authority. * * *"

And, at p. 840, Sec. 44, we also find: "There are many cases, however, in which a conversion may be predicated upon the

detention, or failure to deliver, personal property. .* ·* *"

In 46 Am.Jur., Sec. 122, p. 67, we find the following: "At common law, an action in replevin tested only the right of possession of the replevied property at the time of the commencement of the action, and provided no method whereby the defendant could have judgment for the value of his property in case the adjudged return thereof could not be had, but left the successful defendant to another action in another form to procure such relief. Under modern statutes, however, it is usually held that the judgment in such case should be in the alternative for the possession of the property or the value thereof in case a delivery cannot be had, and damages for its detention. The purpose of such statutes is to settle in the one suit all questions that might arise out of the unlawful taking or detention of the property. * * *"

We think Sec. 22–114, N.M.Stat.Ann. 1941, clearly fits situations such as arose in this case. The District Court ignored this provision of our law on civil procedure and erroneously entered the said summary judgment for defendant and the said order overruling plaintiff's motion to set aside the summary judgment.

The judgment of the District Court will be reversed. The cause will be remanded with directions to set aside the judgment and proceed with the cause not inconsistent herewith. The plaintiff will recover the costs of this appeal.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.