Ross A. McCALLISTER, Appellant,

v.

M-A-C FINANCE CO. OF TULSA, INC. and Hartford Accident & Indemnity Co., Appellees.

No. 7417.

United States Court of Appeals Tenth Circuit.

June 5, 1964.

634

Orville C. McCallister, Jr. of White, Rhodes & McCallister, Albuquerque, N. M., for appellant.

George T. Harris, Jr., of Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, N. M. (Waldo Spiess, Albuquerque, N. M., and Withington, Shirk, Nichols & Work, Oklahoma City, Okl., with him on the brief), for appellees.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of New Mexico, dismissing the complaint by which the appellant McCallister sought to recover damages resulting from an alleged wrongful replevin of automobiles. The court, in its order of dismissal, held that the judgment for McCallister (defendant in the replevin action) in the state court was res judicata as to an issue of damages allegedly resulting from the wrongful replevin.

There is no dispute as to the facts. McCallister is an automobile dealer in Albuquerque, New Mexico. The appellee, M-A-C Finance Company, is an Oklahoma corporation engaged in the retail and inventory financing of autombiles in that state, and the appellee Hartford Accident & Indemnity Company is a Connecticut corporation which was surety on M-A-C Finance Company's replevin bond in the state court. Southwestern Investment Company is a Texas corporation which, at the time of the replevin, was the inventory financer of McCallister's automobiles. James H. Parker was an Oklahoma automobile dealer doing business in Oklahoma, whose inventory was financed by M-A-C Finance Company.

On February 13, 1961, McCallister, after being shown Oklahoma vehicle titles which revealed no liens or encumbrances, purchased eleven automobiles from Parker. The automobiles were delivered to McCallister and were financed by Southwestern Investment Company on a floor-plan financing arrangement. The following day M-A-C Company, claiming prior right to the automobiles by virtue of liens filed in Oklahoma, brought an action for replevin, and the sheriff of Bernalillo County, New Mexico took possession of the automobiles under the writ issued in that action. Both McCallister and Southwestern answered, seeking return of the automobiles, but did not pray for damages caused by the taking or detention. The replevin action was tried on the merits, and judgment was entered dismissing the complaint and awarding possession of the cars to McCallister. No appeal was taken and the judgment became final. This action was brought later in the state court of Bernalillo County, New Mexico, and it was duly removed to the United States District Court for the District of New Mexico.

■ The only issue presented here is whether McCallister's claim for damages is now barred because it was not made and determined in the replevin action. Statutory replevin in New Mexico is primarily a possessory action, Wood v. Grau, 55 N.M. 429, 234 P.2d 362, but also involves the question of damages for the unlawful detention or loss of use. State ex rel. Sandoval v. Taylor, 43 N.M. 170, 87 P.2d 681. The right of McCallister to damages as a prevailing defendant in the replevin action depends upon the interpretation of Section 22–17–12, N.M.Stat. Anno.1953, which provides:

"In case the plaintiff fails to prosecute his suit with effect and without delay judgment shall be given for the defendant and shall be entered against the plaintiff and his securities for the value of the property taken, and double damages for the use of the same from the time of delivery, and it shall be in the option of the defendant to take back such property or the assessed value thereof."

■■ The words of the statute "with effect" mean with success, and "without delay" means without unreasonable or unnecessary delay. Vigil v. Johnson, 60 N.M. 273, 291 P.2d 312. The measure of damages is based upon the loss of "use" of the property from the time of delivery, and doubled by the statute. Wirt v. George W. Kutz & Co., 15 N.M. 500, 110 P. 575; Roth v. Yara, 19 N.M. 8, 140 P. 1071; Giannini v. Wilson, 43 N.M. 460, 95 P.2d 209. And where there is no proof of damages, the judgment should provide for nominal damages. Hyde v. Elmer, 14 N.M. 30, 88 P. 1132.

■ Although the New Mexico Supreme Court has not expressly stated that the issue of damages must be litigated in the replevin action or be barred thereafter,[1] the language of the statute appears to be mandatory and statements in several New Mexico decisions which involved a prevailing defendant reasonably tend to support that conclusion. For instance, in Wood v. Grau, supra, 234 P.2d at 365, quoting with approval from 46 Am.Jur. Replevin, § 122, p. 67, the court stated:

"* * * 'Under modern statutes, however, it is usually held that the judgment in such case should be in the alternative for the possession of the property or the value thereon in case a delivery cannot be had, and damages for its detention. The purpose of such statutes is to settle in the one suit all questions that might arise out of the unlawful taking or detention of the property. * * ' "

In Roth v. Yara, supra, 140 P. at 1072, the court said:

"It is thus to be observed that in replevin actions a defendant may not only recover the property and

---

1. The authorities are divided, but this appears to be the prevailing rule. 77 C.J.S. Replevin, § 289, p. 209; Anno. 85 A.L.R. 644.

damages for the unjust caption or detention thereof, but shall have judgment, if plaintiff fails to prosecute his suit with effect, for the value of the property taken, and double damages for the use of the same from the time of delivery * * *."

■■ Whether the issue of damages under New Mexico replevin statute is considered a counterclaim or otherwise, we are satisfied that the trial court's interpretation of the state law is not clearly erroneous and should be accepted. Kirby, Trustee v. United States, 10 Cir., 329 F.2d 735, 1964, and cases cited.

Affirmed.