Oscar RIOS, Assignee, Plaintiff-Appellant,

v.

CESSNA FINANCE CORPORATION, Defendant-Appellee.

No. 73–1333.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Oct. 17, 1973.

Decided Dec. 6, 1973.

26

Anthony F. Avallone, Las Cruces, N. M., for plaintiff-appellant.

Walter R. Parr, Las Cruces, N. M. (James R. Crouch, Las Cruces, N. M., on the brief), for defendant-appellee.

Before HILL, McWILLIAMS and BARRETT, Circuit Judges.

HILL, Circuit Judge.

The matter before the Court is an appeal from a summary judgment granted the defendant in an action for conversion and deprivation of property rights under 42 U.S.C. § 1983.

Mesilla Valley Flying Service is a New Mexico corporation engaged in an airport business near Las Cruces, in Dona Ana County, New Mexico. In 1966 it purchased seven airplanes and financed them through Cessna Finance Corporation, a Kansas corporation. Cessna Finance loaned $89,687.40 to the Flying Service which, in return, executed installment notes, chattel mortgages and guarantee agreements. The chattel mortgages gave Cessna Finance the right to possession of the airplanes upon a default in payments by the Flying Service. The Flying Service paid $47,784.50 on the notes and then defaulted.

On July 9, 1968, Cessna Finance filed a complaint, affidavit and bond in the Dona Ana County District Court, and obtained a writ of replevin. The sheriff of Dona Ana County executed the writ the same day, seizing the airplanes. The Flying Service answered and alleged a counterclaim for wrongful replevin. Both parties moved for summary judgment, which was granted in favor of Cessna Finance. The Flying Service appealed, and the New Mexico Supreme Court affirmed the decision. Cessna Fin. Corp. v. Mesilla Valley Flying

Serv., 81 N.M. 10, 462 P.2d 144 (1969), cert. denied, 397 U.S. 1076, 90 S.Ct. 1521, 25 L.Ed.2d 811 (1970).

In September, 1970, the president of the Flying Service executed an assignment for the benefit of creditors to Ryan. Ryan subsequently instituted an action in the United States District Court, District of New Mexico, seeking damages against Cessna Finance. This action was based on two claims. The first was for conversion arising out of the alleged wrongful replevin, in which the New Mexico replevin statutes were claimed to be unconstitutional. The second claim sought damages for an alleged deprivation of constitutional rights under 42 U.S.C. § 1983.

Both parties filed motions for summary judgment, and the trial court granted judgment in favor of Cessna Finance. The trial court held Ryan's claim for conversion was barred by the doctrine of res judicata and that the claim under 42 U.S.C. § 1983 failed to state a claim upon which relief could be granted because it was a claim for the vindication of a property right and not of a personal right.

On appeal to this Court, the judgment was vacated and the cause remanded to the district court for consideration in light of Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and Lynch v. Household Fin. Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). Ryan v. Cessna Fin. Corp., No. 71-1762 (July 17, 1972).

Both parties again moved for summary judgment and the trial court again granted the motion in favor of Cessna Finance. In a memorandum opinion, the trial court held Ryan's conversion action was barred by the doctrine of res judicata. The trial court also held Ryan's claim under 42 U.S.C. § 1983 could not be sustained because good faith compliance with a statute subsequently declared to be unconstitutional negates any claim for damages under § 1983.

Rios, substituted for Ryan as successor assignee, appeals the decision to this Court. We affirm.

Rios first contends it was error for the trial court to grant summary judgment for Cessna Finance because the conversion action is not barred by the doctrine of res judicata. His position is that the state court judgment resolved only the issue of Cessna Finance's money damages, and that a state court judgment is an estoppel only as to fact questions in issue in that case which were essential to a decision thereon. We cannot agree.

■■ The counterclaim in the state court by the Flying Service was a claim for a wrongful replevin, based on N.M. Stat.Ann. § 22-17-12 (1953). The statute's purpose is to settle in one suit all questions that may arise out of the unlawful taking or detention of property. McCallister v. M-A-C Fin. Co., 332 F.2d 633 (10th Cir. 1964). The damages issue must be litigated in the replevin action or be barred thereafter. *Id.* Although this is an interpretation of state law by a federal district court, the resident judge's views on the unsettled laws of his state are persuasive and ordinarily accepted. Sade v. Northern Natural Gas Co., 483 F.2d 230 (10th Cir. 1973). For this reason we shall adopt this interpretation of the replevin statute.

■ Rios argues, however, that because the claim is not for wrongful replevin but for a conversion that began with replevin, a distinction exists which avoids the interpretation given the replevin statute in *McCallister*. We can find no such distinction. To constitute conversion in New Mexico there must be proof of a wrongful detention amounting to a repudiation of the owner's rights, or the exercise of a dominion over the property which is inconsistent with the owner's rights. Molybdenum Corp. v. Brazos Eng'r Co., 81 N.M. 708, 472 P.2d 971 (1970). We believe that the conversion claim for the wrongful

**28**

detention of property is barred by the doctrine of res judicata because of *Mc-Callister*.

 Rios next contends 42 U.S.C. § 1983 establishes a claim for violation of property rights. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

Because there is no distinction between the protection of personal and property rights under § 1983, deprivation of a property right is actionable. Lynch v. Household Fin. Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). However, other facts present in this case negate a cause of action. Cessna Finance brought the original replevin action before the replevin statutes, insofar as they provided for a prejudgment taking of property without notice and a hearing, were declared unconstitutional in Montoya v. Blackhurst, 84 N.M. 91, 500 P.2d 176 (1972). *See also* Sniadach v. Family Fin. Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). A statute is presumed to be constitutional until struck down as unconstitutional. Cessna Finance followed the statutory procedure in bringing its replevin action. We therefore hold that § 1983 is not applicable because damages are not collectible in a civil right action against one who followed a statutory procedure presumed to be constitutional. Baxter v. Birkins, 311 F.Supp. 222 (D.C.Colo. 1970). And although Rios now questions the good faith of Cessna Finance in proceeding under the replevin laws of New Mexico, we believe no factual issue on the question exists.

Affirmed.