[Civ. No. 19276. Fourth Dist., Div. Two. Sept. 7, 1978.]

I. A. KANAREK, Plaintiff and Appellant, v.
GARY DAVIDSON, as Deputy Sheriff, etc., et al., Defendants and
Respondents.

342

**COUNSEL**

Monroe & Riddet and Keith C. Monroe for Plaintiff and Appellant.

Ray T. Sullivan, Jr., County Counsel, and Robert Westmeyer, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**TAMURA, J.**—Plaintiff filed an action for damages under the federal Civil Rights Act (42 U.S.C. § 1983[1]) against named and unnamed Riverside County sheriff's deputies and agents of the Franchise Tax Board for alleged deprivation of property without due process of law. The demurrer of the sheriff's deputies on the ground that the complaint failed to state facts sufficient to constitute a cause of action was sustained without leave to amend and plaintiff appeals from the ensuing judgment of dismissal.[2]

---

[1] 42 United States Code section 1983 reads as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

[2] The agents of the State Franchise Tax Board are not parties to this appeal. The record does not indicate whether the agents were ever served with the complaint.

■ In reviewing a ruling on a demurrer, all material facts properly pleaded must be deemed to be true. (*Glaire* v. *La Lanne-Paris Health Spa, Inc.* (1974) 12 Cal.3d 915, 918 [117 Cal.Rptr. 541, 528 P.2d 357].) In addition, the complaint must be read as if it contained facts of which the trial court was entitled to take judicial notice. (*Weil* v. *Barthel* (1955) 45 Cal.2d 835, 837 [291 P.2d 30]; *Chavez* v. *Times-Mirror Co.* (1921) 185 Cal. 20, 23 [195 P. 666]; *Saltares* v. *Kristovich* (1970) 6 Cal.App.3d 504, 510 [85 Cal.Rptr. 866].) Viewing the complaint in light of those principles, the pertinent facts as pleaded together with those facts which the court was entitled to judicially notice are as follows:

On March 11, 1976, pursuant to a search warrant issued in connection with a narcotics investigation, Deputy Sheriff Gary Davidson searched Bruce Alan Parker's residence and seized, among other items, approximately $42,000 in cash. The next day Parker, for a valuable consideration, assigned "all of his right, title and interest" in the money to plaintiff. On March 14, 1976, plaintiff gave the sheriff written notice of the assignment and demanded the money. The sheriff responded in writing as follows: "Mentioned Funds Taken as Evidence, Not Released."

On March 15, 1976, the sheriff was served with an order to withhold issued by the Franchise Tax Board pursuant to Revenue and Taxation Code sections 18817 and 18818 in connection with a jeopardy tax assessment against Bruce Alan Parker. The order required the sheriff to withhold and remit to the Franchise Tax Board the sum of $39,948. The sheriff complied with the order and delivered $39,948 to agents of the Franchise Tax Board who were then aware of the alleged assignment from Bruce Alan Parker to plaintiff.[3] The agents have refused plaintiff's demand for the money.

■ The sole issue is whether plaintiff has stated a cause of action against the sheriff's deputies under 42 United States Code section 1983. For reasons to be stated, we have concluded that he has not and that the judgment should be affirmed.

■ In order to state a valid cause of action for damages under 42 United States Code section 1983, two elements must be present: (1) The conduct complained of must have deprived plaintiff of a right, privilege, or immunity secured to him by the federal Constitution and (2) defendant's action must have been taken under color of state law.

---

[3]The sheriff retained the balance of the monies seized.

*(Adickes* v. *Kress & Co.* (1970) 398 U.S. 144, 150 [26 L.Ed.2d 142, 150, 90 S.Ct. 1598]; *Stene* v. *Beresford Sch. Dist., No. 61-2, etc.* (D.S.D. 1977) 425 F.Supp. 1389, 1390; *Harbert* v. *Rapp* (W.D.Okla 1976) 415 F.Supp. 83, 86.) Here, the complaint adequately alleges facts showing that the various actions taken by defendants were under color of state law. The question is whether the conduct with which the sheriff's deputies were charged deprived plaintiff of his property without due process of law.

Although plaintiff alleges that the sheriff's deputies seized the funds from Bruce Alan Parker and retained them after notice of the alleged assignment, there is no claim that the seizure and continued retention of the monies were invalid. Indeed, the court was entitled to take judicial notice of the fact that the monies were validly seized pursuant to a search warrant and in legal custody of the sheriff. The gravamen of the complaint is that transmittal of the funds to the Franchise Tax Board after notice of the alleged assignment constituted a taking of plaintiff's property without due process. The trial court, however, was entitled to take judicial notice of the fact that the funds were remitted to the board under compulsion of its order in connection with a jeopardy tax assessment against Bruce Alan Parker, the person from whom the funds were seized.[4] The question is whether compliance with the board's order rendered the sheriff's deputies liable to plaintiff for deprivation of his property without due process of law. We conclude that the answer is no.

 It is settled that summary administrative procedures for the collection of jeopardy income tax assessments are not violative of due process rights. *(Dupuy* v. *Superior Court* (1975) 15 Cal.3d 410, 416-417 [124 Cal.Rptr. 900, 541 P.2d 540]; *Horack* v. *Franchise Tax Board* (1971) 18 Cal.App.3d 363, 367 [95 Cal.Rptr. 717]; cf. *T. M. Cobb Co.* v. *County of Los Angeles* (1976) 16 Cal.3d 606, 613-615 [128 Cal.Rptr. 655, 547 P.2d 431].) As part of the jeopardy tax assessment procedures, the board was empowered to issue and serve upon the sheriff's office the notice to withhold. (Rev. & Tax. Code, § 18817.) The statutory scheme for jeopardy assessment applies to funds of a taxpayer seized by and in the custody of law enforcement officers pursuant to a search warrant and it is the duty of such officer served with a notice to withhold to transmit the funds in his possession to the Franchise Tax Board. *(People* v. *Freeny* (1974) 37 Cal.App.3d 20, 31 [112 Cal.Rptr. 33].) Indeed, the statute makes any person who fails to withhold and transmit the funds after service of a

---

[4]A copy of the Franchise Tax Board's order to withhold and remit was appended to defendants' memorandum in support of their demurrer and the trial court was entitled to take judicial notice of it. (Evid. Code, § 452, subd. (c).)

notice to do so by the State Franchise Tax Board liable for such amounts. (Rev. & Tax. Code, § 18818.) Moreover, one required to withhold and transmit any amount pursuant to the jeopardy assessment procedure must comply "without resort to any legal or equitable action in a court of law or equity." (Rev. & Tax. Code, § 18819.)

■ Plaintiff contends that the jeopardy assessment proceedings and the notice to the sheriff to withhold and remit were directed against funds belonging to Bruce Alan Parker, not to plaintiff and that in light of the assignment, the sheriff wrongfully delivered to the Franchise Tax Board funds belonging to plaintiff, thereby depriving him of property without due process of law. The contention is nonmeritorious.

The statutory scheme for summary collection of jeopardy income tax assessments contemplates that one having funds belonging to a taxpayer and who is served with notice to hold and remit must do so despite conflicting claims to the funds. The sheriff was under no duty to ascertain the validity of the alleged assignment, to determine the priority of plaintiff's claim to the funds, or to initiate legal or equitable proceedings to resolve such issues (Rev. & Tax. Code, § 18819) before remitting the funds to the Franchise Tax Board.

We conclude that inasmuch as the sheriff's deputies acted in accordance with a valid state procedure for the collection of jeopardy income tax assessments, they cannot be held liable for damages under section 1983 of the federal Civil Rights Act in transmitting the funds to the Franchise Tax Board. (*Rios* v. *Cessna Finance Corporation* (10th Cir. 1973) 488 F.2d 25, 28.)

Judgment is affirmed.

Gardner, P. J., and Kaufman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 1, 1978.