[Civ. No. 59778. Second Dist., Div. Four. June 30, 1981.]

CHARLES MASON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE et al., Real Parties in Interest.

COUNSEL

Weitzman, Fidler & Re and Donald M. Re for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Edmond B. Mamer and Jeffrey M. Vesely, Deputy Attorneys General, Burt Pines, City Attorney, Frederick N. Merkin, Senior Assistant City Attorney, and Mark A. Rosenbaum, Deputy City Attorney, for Real Parties in Interest.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Dirk L. Hudson, Deputy District Attorneys, as Amici Curiae on behalf of Real Parties in Interest.

OPINION

FILES, P. J.—This petition for writ of mandate seeks to compel the superior court to conduct an evidentiary hearing on a motion for return of seized property pursuant to sections 1539 and 1540 of the Penal Code. The superior court summarily denied the motion on the ground that prior to the filing of the motion the related criminal action had been terminated and the seized property had been delivered by the seizing agency, the Los Angeles Police Department, to the California Franchise Tax Board pursuant to an "Order to Withhold Personal Income Tax" issued and served by the board following its jeopardy assessment of personal income tax assertedly due from petitioner.[1]

FACTS

On October 12, 1979, certain personal property was seized from petitioner by the Los Angeles Police Department in execution of a search warrant and retained for use against him in criminal proceedings. On December 31, 1979, an information was filed charging petitioner with numerous violations of Penal Code section 337a, bookmaking. On March 10, 1980, a "negotiated plea" was entered in superior court whereby petitioner was placed on informal probation and fined, the probation to terminate upon payment of the fine. On March 27, 1980, the fine was paid and the criminal proceedings terminated.

On May 22, 1980, petitioner filed in the superior court a motion, purportedly under the provisions of sections 1539 and 1540 of the Penal Code, for an order quashing the search warrant and directing that all property seized under the warrant be returned to petitioner.

The superior court ordered the district attorney to file a written response to the motion. Prior to June 12, 1980, the district attorney filed an "Answer to Motion to Quash and Traverse," which contained this statement: "The Office of the Los Angeles District Attorney ... alleges on information and belief that on or about December 5, 1979, that $10,311.07 in currency and, also bonds were turned over to the State Franchise Tax Board by the Los Angeles Police Department, pursuant to an Order to Withhold, which was served upon them; that this was part of the property referred to in the Motion to Quash and Traverse;

---

[1]See Revenue and Taxation Code sections 18641 and 18817 for authorization of this procedure.

that on a subsequent date, March 19, 1980, the balance of the seized property was turned over to the Franchise Tax Board; that the Franchise Tax Board is asserting a claim for $208,000.00 in back taxes; that the seized property and the tax liability are the subject of ongoing administrative hearings before the State Franchise Tax Board, and the return of the property should be determined before that agency and not by a Motion to Quash and Traverse filed in the Superior Court."

On June 12, 1980, the superior court made a minute order declaring that the motion was summarily denied as moot, pursuant to the response of the district attorney.

On June 27, 1980, the petition for writ of mandate was filed in this court, asserting that the superior court had violated petitioner's due process rights by denying him an evidentiary hearing on the legality of the search and seizure, as mandated by Penal Code sections 1539 and 1540, and by denying him the opportunity to reply to the response filed by the district attorney. The petition made no mention of the action of the Franchise Tax Board or the delivery of the property to the board, except that the petition does incorporate the "answer" which the district attorney had filed in the superior court.

The petition named the People of the State of California and Daryl Gates, the Chief of Police of the City of Los Angeles as "real parties in interest." The Franchise Tax Board was not named as a party.

The petition prayed that the superior court be required to hold a hearing as provided in sections 1539 and 1540 of the Penal Code, and make an order requiring that the property be returned to petitioner. This court denied the petition summarily on August 22, 1980.

On September 24, 1980, the Supreme Court granted Mason's petition for hearing and retransferred the matter to this court with instructions to issue an alternative writ directing the superior court to hear petitioner's motion pursuant to Penal Code sections 1539 and 1540 or to show cause. We issued the writ and set the matter on our November 12, 1980, calendar.

Prior to the calendar date the district attorney submitted a letter to the court explaining that the criminal proceeding had been terminated, that none of the property seized from Mason remained in the custody of

the superior court, and that nothing remained for the district attorney to do within his statutory responsibility.

This court also received, prior to the calendar date, a letter from the Attorney General stating that the property in question had been turned over to the Franchise Tax Board, and explaining the law pertaining to the powers of that board.

At the hearing on November 12 counsel for petitioner represented to the court that he was in doubt about where the money seized from petitioner actually was at that time. The court then requested the deputy attorney general who was present to obtain some authoritative statement as to the then whereabouts of the property and to file it with the court as a courtesy to petitioner's counsel.

Pursuant to the expressed request of this court for a formal return, the City Attorney of Los Angeles filed a return on November 28, 1980, containing a declaration of the property claims officer of the Los Angeles Police Department that on October 12, 1979, the department was served with an "Order to Withhold Personal Income Tax" issued by the State of California Franchise Tax Board. That order, a copy of which is included in the return, required the department, under authority of section 18817 of the Revenue and Taxation Code, to withhold from petitioner and transmit to the board all money and property due petitioner up to the amount of $196,611. Pursuant to that order, the declaring officer in his official capacity delivered to the board on December 5, 1979, all the currency, coins and savings bonds then in the department's possession that had been seized from petitioner. The return also shows, by the declaration of another officer assigned to the police department's administrative vice division, that on March 18, 1980, the Los Angeles Municipal Court had issued an order directing that all of the property seized from petitioner and retained by the department be released to the department "for disposition;" and that on March 19, 1980, all of the remaining property which had been seized from petitioner was delivered by the declarant to the board in compliance with the order to withhold.

A formal return filed by the District Attorney of Los Angeles County, as "amicus curiae" on November 28, 1980, states that the criminal action against petitioner terminated on March 27, 1980, and that all of the property seized from petitioner was transmitted to the board as of March 19, 1980. The return reiterates the district attorney's position that "we are not a real party in interest."

On November 26, 1980, the Attorney General, on behalf of the Franchise Tax Board, filed an "answer to petition for writ of mandate" which incorporated a declaration of Paul O'Hop, an employee of the board who declared he is "personally responsible for the generation and service of Orders to Withhold Personal Income Tax and other various collection procedures." The declaration goes on to state "On or about December 5, 1979 and March 19, 1980, I received from the Los Angeles Police Department, in my capacity as Tax Compliance Representative III of the Board, $10,478.83 in United States currency, 192 United States Savings Bonds (face value $16,040.00), books, records and other bookmaking paraphernalia. To the best of my knowledge, all of these items remain in the possession of the Board."

Petitioner then filed a replication which admits that the criminal proceedings terminated prior to the filing of his motion in superior court. It denies, for lack of information, that all the seized property was delivered by the department to the board by March 19, 1980, and asserts that the board does not have lawful possession of the property.

This case was argued and submitted April 14, 1981.

### DISCUSSION:

■ Under circumstances similar to those shown in the present proceedings, California cases have upheld the legality and constitutionality of jeopardy assessment orders to withhold and have acknowledged their effect in divesting courts of authority to return property to a taxpayer from whom it was seized. The remedy of the aggrieved taxpayer is an administrative proceeding before the Franchise Tax Board (Rev. & Tax. Code, § 18643 et seq.) and judicial review of the final administrative decision.

In *Horack* v. *Franchise Tax Board* (1971) 18 Cal.App.3d 363 [95 Cal.Rptr. 717], property was illegally seized by police officers and later turned over by them to the Franchise Tax Board in compliance with orders to withhold and transmit issued and served by the board under authority of then section 18807 (now § 18817) of the Revenue and Taxation Code[2] incident to jeopardy assessment proceedings. (Rev. & Tax.

---

[2]Section 18817 of the Revenue and Taxation Code provides: "The Franchise Tax Board may by notice, served personally or by first class mail, require any employer, person, officer or department of the state, . . . having in their possession, or under their control, any credits or other personal property or other things of value, belonging to a

Code, § 18641 et seq.) In that case, unlike this one, the illegality of the seizure had been judicially determined in the course of the criminal prosecution. (*Horack v. Superior Court* (1970) 3 Cal.3d 720 [91 Cal. Rptr. 569, 478 P.2d 1].) Nevertheless, the Court of Appeal reversed an order of the superior court directing the board to return the seized property. The opinion holds that it was beyond the jurisdiction of the superior court to have ordered the return of the property "in the face of a valid claim by a taxing authority." This is so because California Constitution, article XIII, section 32, (which for purposes of this discussion is identical in substance and effect with former Cal. Const., art. XIII, § 15 then in effect) states: "No legal or equitable process shall issue in any proceedings in any court against this State or any officer thereof to prevent or enjoin the collection of any tax. After payment of a tax claimed to be illegal, an action may be maintained to recover the tax paid, with interest, in such manner as may be provided by the Legislature." A similar proscription is stated in Revenue and Taxation Code section 19081.

The *Horack* court pointed out that the property owner's exclusive remedy is to first exhaust the administrative procedures provided by the Revenue and Taxation Code for challenging the income tax assessment.

*Horack* also held the withholding procedure does not violate Fourth Amendment protections. Drawing from federal cases involving analogous Internal Revenue Service jeopardy assessment procedures, it concluded that although the fact that the initial seizure by police was illegal would require the court to order return of property that is not contraband, the Fourth Amendment does not require such property to be permanently insulated from the attention of taxing authorities. The *Horack* court reasoned that since the property would be subject to immediate levy by the board as soon as it was returned to the defendant, there was no reason why the service could not move against it while in the hands of law enforcement authorities.

Other cases holding that law enforcement officers must turn over seized property to the Franchise Tax Board on demand are *People v. Freeny* (1974) 37 Cal.App.3d 20, 30 [112 Cal.Rptr. 33] and *Franchise*

---

taxpayer, ... to withhold, from such credits or other personal property or other things of value, the amount of any tax, ... due from the taxpayer, ... and to transmit the amount withheld to the Franchise Tax Board at such times as it may designate."

Section 18818 makes the party served with a section 18817 notice liable to the Board for all sums not so withheld and transmitted.

*Tax Board* v. *Municipal Court* (1975) 45 Cal.App.3d 377, 385 [119 Cal.Rptr. 552].

Nor does the owner of the property have a civil cause of action against the law enforcement officer who delivers the seized property to the Franchise Tax Board. (*Kanarek* v. *Davidson* (1978) 85 Cal.App.3d 341 [148 Cal.Rptr. 86].)

Petitioner does not discuss the principles of law applied in the authorities cited above. The only cases cited by petitioner in this court and in the petition for hearing in the Supreme Court relate to the asserted illegality of the search and seizure conducted by the Los Angeles police.

Petitioner's replication asserts that factual issues remain to be decided. Under the authorities cited above, the only material fact is that the Franchise Tax Board has served an order under the authority of Revenue and Taxation Code section 18817. Officers of the Los Angeles Police Department have declared under penalty of perjury that such an order to withhold has been served, and that they have turned over all of the property which was seized from petitioner. An employee of the board has declared under penalty of perjury that the property was received. A copy of the order to withhold and transmit, directed to the Los Angeles Police Department, is attached to the city attorney's return, and we may take judicial notice of it. (*Kanarek* v. *Davidson, supra,* 85 Cal.App.3d 341, 345, fn. 4.)

Petitioner's replication contains a denial of allegations relating to the withholding order and the transmittal of the subject property to the board for "insufficient information and belief."

At oral argument on April 14, 1981, petitioner's counsel was asked from the bench whether he knew of any evidence to contradict the showing that the subject property had been turned over to the Franchise Tax Board. He responded that he did not.

Upon this record petitioner's pro forma denial of the showing made in the returns filed here is frivolous.

The relief which the petitioner seeks here is an order requiring the respondent superior court to hold a hearing and thereafter make an order requiring the subject property to be returned to petitioner. Under the

authorities cited above the respondent court has no jurisdiction to make such an order.

The petition is denied.

Kingsley, J., and Woods, J., concurred.